## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EIGHT MILE STYLE, LLC;                        Case No.
and MARTIN AFFILIATED, LLC,

          *Plaintiffs,*

v.                                            **COMPLAINT**

META PLATFORMS, INC., f/k/a
FACEBOOK, INC.; INSTAGRAM, LLC;
and WHATSAPP, LLC,

                                       **JURY DEMAND**

          *Defendants.*
_____/

## <u>COMPLAINT</u>

Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC (collectively, "Eight Mile Style"), bring this action for willful copyright infringement and related claims against Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.; Instagram, LLC; and WhatsApp, LLC (collectively, "Meta" or "Defendants") as follows:

1

**INTRODUCTION**

1.      This is an action by Eight Mile Style, which owns and controls 243 musical compositions, listed in Exhibit A, some of which are the most iconic songs of this generation, recorded by world-famous artist Marshall Mathers p/k/a Eminem, against Defendants for willful copyright infringement by and through their unauthorized storage, reproduction and exploitation of Eight Mile Style's musical compositions (the "Eight Mile Compositions" or the "Infringed Works"), in complete disregard of Eight Mile Style's exclusive rights.

2.      Defendants had no license to store, reproduce or distribute the Infringed Works, but have nonetheless created and stored copies of the Infringed Works on their servers, have encouraged their use, and distributed those copies to their billions of users and the general global public via their availability in the 'Music Libraries' of Meta's global online services: Facebook, Instagram, and WhatsApp.

3.      On information and belief, despite their not being licensed, the recordings of the Eight Mile Compositions have been reproduced and synchronized with visual content on Meta's platforms across millions of videos, which have been viewed *billions* of times.

4.      Meta has also created online tools within their services, such as Original Audio and Reels Remix, which allow and encourage its users to steal Eight Mile Style's music from another user's posted audiovisual content and then use it in their

2

own subsequent videos without proper attribution or license, resulting in exponential infringement.

5.     The rampant infringement of which Meta is guilty is not a case of merely allowing *its users* to infringe the Eight Mile Compositions by means of its users uploading the compositions for use in their WhatsApp, Facebook, or Instagram account pages. Rather, this case involves Meta's knowing infringement of the Eight Mile Compositions by first reproducing and storing them in Meta's online Music Libraries, and then distributing them for users to select and incorporate (or "synchronize") into their own photos and videos made available for public streaming on the users' WhatsApp, Facebook and Instagram accounts, and actively encouraging billions of users of its online services to do so, all willfully, and without a license. Thus, as Meta knows, it does not enjoy and is not eligible for the Digital Millennium Copyright Act's ("DMCA") safe harbor provisions.

6.     Indeed, Meta's knowledge that it needed a license to reproduce and distribute the Eight Mile Compositions is demonstrated by the license Meta entered into with Audiam, Inc., ("Audiam"), now owned by The Harry Fox Agency ("HFA"), in or around November/December 2020, on information and belief for a two year term, and subsequent license with Audiam in or around 2023, allowing it to copy, store, reproduce and distribute certain musical compositions. Although Audiam did not have the authority to enter into any license on behalf of Eight Mile

Style, Meta tried to negotiate, unsuccessfully, an Eight Mile Style license as part of the first Audiam license. Meta knew that no license was granted by Audiam or Eight Mile Style as part of those negotiations, and the Audiam license with Meta contained no reference to the Eight Mile Style Compositions (although, on information and belief, the license with Audiam did contain references to other companies/artists' musical compositions that were a part of that license). The subsequent Audiam/Meta license likewise did not have any reference to Eight Mile Style, and Audiam also had no authority to negotiate or enter into a license with Meta as part of that transaction.

7.      Indeed, these facts were confirmed by Audiam prior to this litigation, and Meta has not provided Eight Mile Style with any license authorizing its use of the Eight Mile Compositions, despite repeated requests to do so.

8.      Nonetheless, Meta has reaped the financial benefits of having the Eight Mile Compositions available to its users as a part of their online services. Meta executives have actively encouraged such rampant infringement in order to attract as many users as possible to, among other things, make advertising on their services more profitable for themselves, with advertising accounting for 97.8 percent of Meta's total revenue as of 2023.[1]   Given the iconic nature of the Eight Mile

---

[1]      https://web.archive.org/web/20240202004957/https://investor.fb.com/investor-news/press-release-details/2024/Meta-Reports-Fourth-Quarter-and-Full-Year-2023-Results-Initiates-Quarterly-Dividend/default.aspx

Compositions, and the need of Meta to be able to have them on the Meta platforms, a portion of Meta's profits are attributable to this infringement.

9.     Recognizing it does not have a license, and that it is liable for willful copyright infringement, after Eight Mile Style brought this matter to Meta's attention, Meta has removed several of the Eight Mile Compositions from its Music Libraries in the preceding months, including "Lose Yourself". However, a karaoke version of (titled "Lose Yourself (In the Style of Eminem)"), a piano instrumental cover (titled "Lose Yourself (Piano Version)") and one regular cover version by artist 'URock' all remain available as of the date of this complaint. This in addition to other prominent Eminem works which remain available on Meta's services, such as "Till I Collapse".

10.    Meta's years-long and ongoing infringement of the Eight Mile Compositions is another case of a trillion (with a 'T') dollar company exploiting the creative efforts of musical artists for the obscene monetary benefit of its executives and shareholders without a license and without regard to the rights of the owners of the intellectual property.

11.    The Eight Mile Compositions are some of the most valuable in the world, and Eight Mile Style is very protective of these iconic songs. Defendants have enjoyed massive profits at Eight Mile Style's expense, in an amount to be

determined, by copying and making the Eight Mile Compositions available to Meta's billions of active daily users.

12.    Eight Mile Style seeks monetary damages, including actual damages, damages for the diminished value of the copyrights by Defendants' theft of them, lost profits, and Defendants' profits attributable to the infringement, or alternatively maximum statutory damages for willful copyright infringement for each of Eight Mile Style's works ($150,000 per work, times 243 works, times 3 platforms), and all other remedies available under the Copyright Act, for Meta's willful, direct and/or secondary infringement of Eight Mile Style's Compositions by reproduction, storage, distribution, and transmission of the Eight Mile Compositions. Further, Eight Mile Style requests a permanent injunction to stop Meta's ongoing infringement, as well as costs and reasonable attorneys' fees, and prejudgment and post-judgment interest calculated according to law.

## **PARTIES**

### **Plaintiffs**

13.    Eight Mile Style, LLC is a Michigan limited liability company with its principal place of business located at 1525 East Nine Mile Road, Ferndale, Michigan. Eight Mile Style co-owns and administers the musical compositions identified in Exhibit A.

14.     Martin Affiliated, LLC is a Michigan limited liability company with its principal place of business located at 1525 East Nine Mile Road, Ferndale, Michigan. Martin Affiliated also co-owns and exclusively administers the musical compositions identified in Exhibit A.

**Defendants**

15.     Defendant Meta Platforms, Inc., is a Delaware corporation with its principal place of business located at 1 Meta Way, Menlo Park, CA 94025. Meta Platforms, Inc. is the parent company of the Defendant entities below, and owns and operates social media services Facebook, Instagram, and WhatsApp.

16.     Defendant Instagram, LLC is a Delaware limited liability company with its principal place of business located at 1 Meta Way, Menlo Park, CA 94025. Instagram, LLC is a wholly-owned subsidiary of Meta Platforms, Inc.

17.     Defendant WhatsApp, LLC is a Delaware limited liability company with its principal place of business located at 1 Meta Way, Menlo Park, CA 94025. WhatsApp, LLC is a wholly-owned subsidiary of Meta Platforms, Inc.

## JURISDICTION AND VENUE

18.     This Court has federal question jurisdiction over Eight Mile Style's copyright infringement claims under 28 U.S.C. §§ 1331 and 1338(a), as this controversy arises under the Copyright Act. 17 U.S.C. § 101 *et seq*.

19.    This Court has general and/or specific personal jurisdiction over the Defendants.

20.    Defendants have continuous and systematic contacts within the Eastern District of Michigan such that they can be found to be essentially at home within this District.

21.    Meta has also acquiesced to this Court's jurisdiction over it in prior litigations, including in one involving the same parties, as Eight Mile Style was forced to bring suit against Meta (formerly Facebook) for using an Eight Mile Composition without authorization or a license in a Meta ad campaign promoting its new application, 'Facebook Home.' In *Eight Mile Style LLC, et al. v. Facebook Inc., et al.*, 2:13-cv-12268-GAD-MAR (E.D. Mich) Meta did not move to dismiss for lack of personal jurisdiction during the nearly yearlong pendency of the case before it was jointly stipulated dismissed by the parties.[2]

22.    Upon information and belief, Meta maintains a strong presence in Michigan, including a Detroit office.

23.    Upon information and belief, Facebook alone had 5,035,100 users in Michigan in 2011, which accounted for over 50% of the state's entire population.[3]

---

[2] *See also Zak v. Facebook, Inc.*, 15-cv-13437 (E.D. Mich.) (Doc. No. 9) (Facebook admitted that it did not dispute personal jurisdiction in this District); *Crosby et al v. Twitter, Inc. et al*, 16-cv-14406 (E.D. Mich.) (Facebook filed a responsive pleading without a motion to dismiss for lack of personal jurisdiction).
[3] https://emplifi.io/resources/blog/top-us-states-on-facebook/

Facebook had 176 million users in the United States in 2011 Q3,[4] and currently has an estimated 253.5 million users in the United states as of 2025;[5] the amount of Facebook users in Michigan in 2025 can therefore be estimated at approximately 7 million users, assuming parallel growth.

24.     Facebook estimates that it improperly shared at least 2,414,438 Michigan citizens' private personal information with intelligence gathering and consulting company Cambridge Analytica.[6]

25.     Upon information and belief, Defendants regularly solicit and transact business in Michigan by continuously and systematically targeting consumers, viewers, and users within the state. In operating its websites and applications, Meta specifically tailors and recommends ads, content, and music, including the Infringed Works, based on users' geographic location in Michigan, and allows users to target geographic areas in Michigan for promotion of the user's own paid 'Sponsored' content.

26.     Defendants have committed tortious acts of copyright infringement, described herein, within the State of Michigan which caused foreseeable injuries to Eight Mile Style, which was organized under the laws of Michigan and located in

---

[4] https://www.statista.com/statistics/247614/number-of-monthly-active-facebook-users-worldwide/

[5] https://www.statista.com/statistics/408971/number-of-us-facebook-users/.

[6] https://about.fb.com/wp-content/uploads/2018/05/state-by-state-breakdown.pdf

Michigan. The Infringed Works have been reproduced, saved, distributed to, and synced by, Meta's users throughout the State of Michigan.

27.     Meta previously admitted in its Answer in the 2013 case between the parties that it maintained a registered agent for service of process within the State of Michigan.

28.     Additionally, upon information and belief, Meta has partnered with the University of Michigan to create a social media data archive and to "provide comprehensive access to the full public content archive from Facebook and Instagram",[7] including providing $1.3 million in funds to do so.

29.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Meta is subject to personal jurisdiction in this District and has committed unlawful acts of infringement in this District by including Michigan citizens and others with a presence in Michigan in its illegal activities.

## FACTUAL ALLEGATIONS

30.     Eight Mile Style is an independent music publisher and copyright administration company that owns and administers some of the most iconic and successful musical compositions in the world by recording artist Eminem.

---

[7] https://transparency.meta.com/en-gb/researchtools/meta-content-library/. See also https://news.umich.edu/u-m-pairs-with-meta-to-build-social-media-data-archive/.

31.    Eight Mile Style owns and exclusively administers the Eight Mile Compositions, all of which have been duly registered with the United States Copyright Office.

32.    Defendants do not have a license to display, store, reproduce, and/or distribute the Infringed Works through synchronization or otherwise via Facebook, Instagram, and/or WhatsApp.

33.    To that end, on March 17, 2020, Zeina Grenier, Head of North America Music Publishing at Facebook, stated in an email to Audiam representative, Adam Parness, that Facebook was aware that Audiam was "interested in a direct licensing relationship with Facebook for the catalogs it represents" and to send Facebook "a list of catalogues represented by Audiam[.]"

34.    On March 30, 2020, Parness wrote back: "I agree based on our conversation that the next step is for Audiam to get you a client list so that you can identify which repertoire might have already been licensed to Facebook by Audiam clients directly."

35.    On May 1, 2020, Parness wrote to Grenier: "Audiam has just prepared a list of publisher catalogs that it represents…. It will include a full list of publisher names represented by Audiam…. The list will include all Audiam publishers, some of which might have already entered into a license agreement with Facebook."

36.     Later the same day Parness attached the list, stating: "As I noted below, this is a list of all Audiam publisher clients…."

37.     This list did not include Eight Mile Style nor Martin Affiliated.

38.     Parness also sent a list highlighting the most lucrative Audiam clients on May 7, 2020, of which Eight Mile Style and the global hits of Eminem would have been included had they been Audiam clients, and again, Eight Mile Style and Martin Affiliated were absent from the list.

39.     Discussions between Eight Mile Style and Facebook for a direct license loosely occurred after this, however no agreement was ever reached.

40.     On June 9, 2020, Grenier asked Audiam about HFA market share for clients represented by Audiam per the list sent on May 1, 2020, as well as for further information regarding Eight Mile Style. However, on the same day, Parness responded only regarding HFA market share questions for clients of Audiam, and Grenier responded back on June 10 regarding the same, with no further mention of Eight Mile Style.

41.     Audiam has confirmed in a May 23, 2025, letter from Michael Smith, Vice President of Audiam Business & Legal Affairs, to Eight Mile Style, that under Audiam's licensing agreements with Meta ("Meta-Audiam Agreement",) Audiam did not claim to represent Eight Mile Style and/or Martin Affiliated.

42.     Smith also confirmed that after the first Meta-Audiam Agreement was signed, "Audiam delivered to Meta information for compositions Audiam represented [and] <u>Audiam did not include EMS compositions in its delivery of that information</u>." (emphasis added). This first license agreement was for two years. Mr. Smith also confirmed that Eight Mile Style is not included under the new license between Audiam and Meta, on information and belief entered into in late 2022 or early 2023.

43.     Meta was aware of, or certainly on notice that, the Infringed Compositions were owned and controlled by Eight Mile Style and that it needed to be contacted regarding licensure, as Eight Mile Style stated in its previous 2013 complaint against Meta for infringement of its intellectual property: "Plaintiffs are extremely selective and deliberate in the licensing of Eminem compositions and, given his immense popularity, Plaintiffs command significant payment for licensing of Eminem compositions…."

44.     Meta has instead rampantly infringed the Eight Mile Compositions, both directly and secondarily, by (1) reproducing and storing copies of the Eight Mile Compositions in the Music Libraries of Facebook, Instagram, and WhatsApp, (2) allowing and encouraging its billions of users to sync these distributed reproduction copies to create new audiovisual content, (3) allowing users to create and sync unauthorized and unattributed bootlegs of the Eight Mile Compositions

under the guise and attribution of a user's own 'Original Audio', (4) allowing users to download and save audio copies to create personal music libraries, and use in the future.

45.    For years, each day, Meta has reproduced, stored, arranged, distributed, performed, and otherwise exploited the Eight Mile Compositions.

46.    Meta has created Music Libraries which are available on Facebook, Instagram, and WhatsApp and filled with music Meta has compiled, which it then algorithmically tailors and recommends directly to its users through a "For You" categorization. Meta also promotes music to its users through a "Trending" category, and the music in its libraries is also searchable by title and/or artist, and downloadable/savable by its users.

47.    These Music Libraries, and the reproduction and storage of the Eight Mile Compositions on them, is direct infringement by Meta in and of itself (which is not storage at the direction of a user, and therefore does not qualify for DMCA safe harbor protection), as it allows and actively encourages Meta platforms users to infringe by downloading, streaming, and synchronizing the Eight Mile Compositions without a license through tools available on Meta sites, including: Facebook, Instagram, and WhatsApp[8] Stories (includes short still picture and/or video content that the public cannot access after 24 hours), Instagram and Facebook

---

[8] WhatsApp's version of 'Stories' is termed 'Updates' or 'Status'.

Reels (videographic content that is generally 5-60 seconds, that remains accessible by the public on one's landing page or 'profile' and is distributed and displayed to friends and other users' content 'feeds'), Instagram and Facebook Posts (individual or collection of pictures and videos that remains on one's landing page or 'profile' and is distributed and displayed to friends and other users' content 'feeds'), Instagram's Direct Message Music Sticker (allows users to search the Music Libraries and directly message 30 seconds of music to other users),[9] and features within these tools, such as Original Audio (a user may strip audio from any Reel/post, or import infringing audio of their own and label it their 'original' sound, which other users may then use with that label) and Reels Remix (a user may take a portion of another users' Reel and keep that Reels' audio, whether licensed or unlicensed, or replace it with their own, and create new audiovisual content, resulting in potentially exponential infringements). Upon information and belief, the Infringed Works have been infringed through each of these tools and features.

48.    The net result for Meta is the booming material financial benefit of increased user count and user engagement on advertising revenue (which, again, is

---

[9] For more information, *see generally* https://playlistpush.com/blog/how-to-use-instagrams-new-music-sharing-feature-in-direct-messages/.

approximately 98% of Meta's total revenue), on paid sponsored posts by users,[10] and on user subscription revenue, none of which has been allocated to Eight Mile Style.

49.    Meta has even directly stated the importance of the Eight Mile Compositions to its business and users in recent communication with Eight Mile Style, informing that Meta wants the rights to the Eight Mile Compositions in order to "enable our users to express themselves using your catalog" as Meta's self-stated core principles undergirding the whole business' mission are to: "Give People a Voice" and "Build Connection and Community."[11]

50.    Further, Meta's actions do not qualify for the narrowly construed DMCA safe harbor protection, which is intended to protect innocent Digital Service Providers ("DSPs"). The DMCA's safe harbor cannot immunize a service for material stored there by virtue of the activities of its own executives and employees, which is precisely what has occurred here, with Meta executives and employees taking the actions to copy, reproduce, and distribute the Eight Mile Compositions. Said somewhat inversely, a service provider must play no role in making the infringing material available on its site, or have simply acted in a manner that was narrowly directed at enhancing the accessibility of posts, in order to qualify for this

---

[10] Users may pay Meta directly to 'boost' their content based on parameters of time, day, location, and demographics.

[11] https://www.meta.com/about/company-info/.

protection, which is precisely what did not occur here. Meta played the key role in making the infringing material available and even encouraging its use.

**FIRST CAUSE OF ACTION**
**<u>COPYRIGHT INFRINGEMENT</u>**

51.     Eight Mile Style realleges and incorporates paragraphs 1 through 50 as if fully set forth herein.

52.     Under § 106 of the Copyright Act, the copyright owner of a musical composition has the exclusive right to reproduce and distribute the composition in phonorecords. Encompassed by the reproduction right is the exclusive 'synchronization' right, or the right to reproduce and synchronize music with audiovisual media.

53.     Meta has been storing, reproducing, and distributing to the public the Eight Mile Compositions without a license in violation of 17 U.S.C. § 106(1) and (3).

54.     Eight Mile Style possesses valid copyrights in the Eight Mile Compositions.

55.     Meta reproduced and stored unauthorized unlicensed copies of each Eight Mile Composition in its Music Libraries.

56.     Each time a user requests to use a copy or uses one of Meta's tools or features discussed above, Meta makes a copy of the work and transfers it to the user in violation of Eight Mile Style's § 106 rights.

57.     Meta's infringement is willful, knowing, and intentional, and does violence to Eight Mile Style's rights in the Eight Mile Compositions.

58.     Eight Mile Style is therefore entitled to its actual damages, including its lost profits and the diminution of value of its copyrights, as well as Meta's profits attributable to this infringement, as will be proven at trial.

59.     Alternatively, Eight Mile Style is entitled to the maximum statutory damages of $150,000, per each Eight Mile Composition infringed, and for each platform Meta made the compositions available, under 17 U.S.C. § 504(c) with respect to the willful infringement of each Eight Mile Composition.

60.     Additionally, Eight Mile Style is entitled to its costs and attorneys' fees pursuant to § 505.

61.     Eight Mile Style also requests that the Court enjoin Meta's future infringing conduct following trial under § 502 insofar as it causes Eight Mile ongoing irreparable harm.

**SECOND CAUSE OF ACTION**
**INDUCEMENT OF COPYRIGHT INFRINGEMENT**

62.     Eight Mile Style realleges and incorporates paragraphs 1 through 61 as if fully set forth herein.

63.     Meta is secondarily liable for copyright infringement, including its users' direct infringement of Eight Mile Style's exclusive right to reproduction, each time its users download, stream, or synchronize a copy of an Eight Mile Composition

from Meta's Music Libraries or use one of Meta's tools or features to create a new audiovisual work.

64.     Meta has distributed its service to the general public, directly infringed the Eight Mile Compositions through its reproduction and distribution of the Infringed Works, as discussed above, failed to develop or meaningfully implement filtering tools or other mechanisms to diminish the infringing activity using its software, promoted/advertised the use of tools and features which would result in infringement of the Eight Mile Compositions and rampant infringement in general,[12] and the infringement occurred as a direct and proximate cause of Meta's actions.

65.     Meta's infringement is willful, knowing, and intentional, and does violence to Eight Mile Style's rights in the Eight Mile Compositions.

66.     Therefore, Eight Mile Style is entitled to its actual damages, including lost profits and damages from the diminution of the value of its copyrights, together with Meta's profits from infringement, in an amount to be proven at trial.

67.     Alternatively, Eight Mile Style is entitled to the maximum statutory damages of $150,000, per each Eight Mile Composition infringed, and for each platform Meta made the compositions available, under 17 U.S.C. § 504(c), with respect to the willful infringement of each Eight Mile Composition.

---

[12]  *See, e.g.*:  https://about.fb.com/news/2023/08/music-and-collabs-on-instagram/ (advertising adding music to feed photos and photo carousels on Instagram; also promoting a 'Reels Music Chart' on Spotify).

68.    Additionally, Eight Mile Style is entitled to its costs and attorneys' fees pursuant to § 505.

69.    Eight Mile Style also requests that the Court enjoin Meta's future infringing conduct following trial under § 502 insofar as it causes Eight Mile Style ongoing irreparable harm.

### THIRD CAUSE OF ACTION
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

70.    Eight Mile Style realleges and incorporates paragraphs 1 through 69 as if fully set forth herein.

71.    Meta is secondarily liable for contributory copyright infringement, including its users' direct infringement of Eight Mile Style's exclusive right to reproduction, each time its users download, stream, or synchronize a copy of an Eight Mile Composition from Meta's Music Libraries or use one of Meta's tools or features to create a new audiovisual work.

72.    The Sixth Circuit has recognized liability for contributory infringement where a party knowingly causes or materially contributes to the infringing conduct of another.

73.    Here, Meta has actual knowledge of the infringing activity occurring on its platforms. Meta knowingly causes and materially contributes to the unlawful reproduction, distribution, and performance of Eight Mile Style's copyrights in violation of § 106 for all of the reasons discussed herein.

74.     Meta's infringement is willful, knowing, and intentional, and does violence to Eight Mile Style's rights in the Eight Mile Compositions.

75.     Therefore, Eight Mile Style is entitled to its actual damages, including damages from the diminution of the value of its copyrights, lost profits, and Meta's profits attributable to the infringement, in an amount to be proven at trial.

76.     In the alternative, Eight Mile Style is entitled to the maximum statutory damages of $150,000, per each Eight Mile Composition infringed, and for each platform Meta made the compositions available, under 17 U.S.C. § 504(c) with respect to the willful infringement of each Eight Mile Composition.

77.     Additionally, Eight Mile Style is entitled to its costs and attorneys' fees pursuant to § 505.

78.     Eight Mile Style also requests that the Court enjoin Meta's future infringing conduct following trial under § 502 insofar as it causes Eight Mile Style ongoing irreparable harm.

## FOURTH CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT

79.     Eight Mile Style realleges and incorporates paragraphs 1 through 78 as if fully set forth herein.

80.     As discussed and alleged above, Meta engaged in willful and knowing copyright infringement of the Eight Mile Compositions in violation of §§ 106 and 501.

81.     Meta had the right and ability to control the infringement, but chose not to, instead materially contributing to it, and receiving a direct financial benefit from it in the form of advertising, sponsored post, and subscription fees.

82.     The availability of the Eight Mile Compositions was/is a 'draw' for customers, and is directly related to the financial benefits Meta obtained/obtains.

83.     Meta's infringement is willful, knowing, and intentional, and does violence to Eight Mile Style's rights in the Eight Mile Compositions.

84.     Therefore, Eight Mile Style is entitled to its actual damages, including its lost profits and the diminution of the value of its copyrights, together with Meta's profits attributable to the infringement, as will be proven at trial.

85.     In the alternative, Eight Mile Style is entitled to the maximum statutory damages of $150,000, per each Eight Mile Composition infringed, and for each platform Meta made the compositions available, under 17 U.S.C. § 504(c) with respect to the willful infringement of each Eight Mile Composition.

86.     Additionally, Eight Mile Style is entitled to its costs and attorneys' fees pursuant to § 505.

87.     Eight Mile Style also requests that the Court enjoin Meta's future infringing conduct following trial under § 502 insofar as it causes Eight Mile Style ongoing irreparable harm.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

A.      A declaration that Defendant has willfully infringed the Eight Mile Compositions in violation of the Copyright Act, directly and/or secondarily through inducement to commit copyright infringement, contributory copyright infringement, and vicarious copyright infringement;

B.      A declaration that Meta's infringement was and/or is willful;

C.      Actual damages, including lost profits, and damages for the diminution of the value of the Eight Mile Compositions, together with the profits of Defendants attributable to their infringement, or, in the alternative, statutory damages of $150,000 per infringed work, per platform, for willful infringement;

D.      Costs, including reasonable attorneys' fees;

E.      Prejudgment interest according to law;

F.      A permanent injunction following trial enjoining Defendants and their agents or any person acting with them or Meta from directly or secondarily infringing any of the Eight Mile Compositions; and

G.      Any such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

KING AND BALLOW

By:  */s/ Richard S. Busch*
Richard S. Busch
David Niemierzycki (admission pending)
26 Century Blvd., Suite NT700
Nashville, TN 37214
rbusch@kingballow.com
dniemierzycki@kingballow.com

HERTZ SCHRAM PC

By:  */s/ Howard Hertz*
Howard Hertz (P26653)
Matthew Turchyn (P76482)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
hhertz@hertzschram.com
mturchyn@hertzschram.com

Counsel for Plaintiffs

Dated: May 30, 2025