# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EIGHT MILE STYLE, LLC;
and MARTIN AFFILIATED, LLC,

               *Plaintiffs,*

v.

META PLATFORMS, INC., f/k/a
FACEBOOK, INC.; INSTAGRAM,
LLC; and WHATSAPP, LLC,

               *Defendants.*

Case No. 2:25-cv-11618-BRM-DRG

Hon. Brandy R. McMillion
United States District Judge

Hon. David R. Grand
United States Magistrate Judge

## PLAINTIFFS' OPPOSITION TO DEFENDANTS'
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC (together, "Eight Mile") hereby oppose the Motion to Dismiss (ECF No. 22) filed by Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.; Instagram, LLC; and WhatsApp, LLC (collectively "Meta"). Eight Mile's Opposition is based upon the concurrently filed Memorandum of Law in Support, and any additional material and argument which may be considered by the Court.

Eight Mile respectfully requests the denial of Meta's Motion to Dismiss.

Date: October 27, 2025

**KING & BALLOW**

By: */s/ Richard S. Busch*
Richard S. Busch
David Niemierzycki
26 Century Blvd., Suite NT700
Nashville, TN 37214
rbusch@kingballow.com
dniemierzycki@kingballow.com
Tel: (615) 259-3456

**HERTZ SCHRAM PC**

By: */s/ Howard Hertz*
Howard Hertz (P26653)
Matthew Turchyn (P76482)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
Tel: (248) 335-5000
hhertz@hertzschram.com
mturchyn@hertzschram.com

*Attorneys for Plaintiffs Eight Mile Style,*
*LLC; and Martin Affiliated, LLC*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EIGHT MILE STYLE, LLC;<br>and MARTIN AFFILIATED, LLC, | Case No. 2:25-cv-11618-BRM-DRG |
| *Plaintiffs,*<br>v. | Hon. Brandy R. McMillion<br>United States District Judge |
| META PLATFORMS, INC., f/k/a<br>FACEBOOK, INC.; INSTAGRAM,<br>LLC; and WHATSAPP, LLC, | Hon. David R. Grand<br>United States Magistrate Judge |
| *Defendants.* | |

## <u>MEMORANDUM OF LAW IN OPPOSITION TO<br>DEFENDANTS' MOTION TO DISMISS</u>

Richard S. Busch
David Niemierzycki
KING & BALLOW
26 Century Blvd., Suite NT700
Nashville, TN 37214
rbusch@kingballow.com
dniemierzycki@kingballow.com
Tel: (615) 259-3456

*Attorneys for Plaintiffs*
*Eight Mile Style, LLC;*
*and Martin Affiliated, LLC*

Howard Hertz (P26653)
Matthew Turchyn (P76482)
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
hhertz@hertzschram.com
mturchyn@hertzschram.com
Tel: (248) 335-5000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... ii

ISSUE PRESENTED ................................................................................ vi

MOST CONTROLLING AUTHORITIES ............................................. vii

INTRODUCTION ......................................................................................1

FACTUAL BACKGROUND .....................................................................5

LEGAL STANDARD ................................................................................7

ARGUMENT ............................................................................................11

   I.    EIGHT MILE HAS SUFFICIENTLY ALLEGED DIRECT COPYRIGHT INFRINGEMENT TO DEFEAT META'S MOTION TO DISMISS. ...................12

      A.   Statute of Limitations and Statutory Damages ..........................................15

      B.   User-Generated Content ...............................................................................17

   II.   EIGHT MILE HAS SUFFICIENTLY ALLEGED SECONDARY COPYRIGHT INFRINGEMENT TO DEFEAT META'S MOTION TO DISMISS. ...................................................................................................18

      A.   Contributory Infringement .........................................................................19

      B.   Inducement of Copyright Infringement ....................................................21

      C.   Vicarious Infringement ................................................................................22

CONCLUSION ........................................................................................25

i

# TABLE OF AUTHORITIES

## The Supreme Court of the United States

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................5, 9

## Cases

*A&M Records v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001)........................................................................22

*Ahmed v. Ahmed*,
867 F.3d 682 (6th Cir. 2017)............................................................................5

*Allen Trench Safety Corp. v. Ozark Laser Sys.*,
2015 WL 4475645 (W.D. Mich. July 21, 2015) ....................................................17

*Antony v. Buena VISTA Books, Inc.*, No. 18-205-DLB-CJS,
2021 U.S. Dist. LEXIS 257389 (E.D. Ky. Sep. 29, 2021) ........................... 10, 14

*B&P Littleford, LLC v. Prescott Mach., LLC*,
530 F. Supp. 3d 729 (E.D. Mich. 2021)................................................................16

*Barnes v. G4S Secure Sols. (USA) Inc.*,
2025 U.S. Dist. LEXIS 43942 (E.D. Mich. Mar. 11, 2025) ......................... 15, 17

*Best v. AT&T Inc.*, No. 1:12-cv-564,
2014 U.S. Dist. LEXIS 130669 (S.D. Ohio Sep. 16, 2014) ...............................21

*Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co. Ltd.*,
149 F. Supp. 3d 1167 (N.D. Cal. 2015) ................................................................10

*Broad. Music, Inc. v. Meadowlake, Ltd.*,
754 F.3d 353 (6th Cir. 2014)................................................................ 22, 23, 25

*Coleman v. Hamilton Cty. Bd. of Cty. Comm'rs*,
130 F.4th 593 (6th Cir. 2025)................................................................15

*Cook v. Meta Platforms Inc.*, No. 4:22-cv-02485-YGR,
 2023 U.S. Dist. LEXIS 181237 (N.D. Cal. Jan. 4, 2023)............................. 24, 25

*Ctr. for Bio-Ethical Reform v. Napolitano*,
 648 F.3d 365 (6th Cir. 2011) ..................................................................8, 9

*Dassault Systemes, S.A. v. Childress*, No. 09-10534,
 2014 U.S. Dist. LEXIS 167548 (E.D. Mich. Dec. 3, 2014) ................................12

*Doe v. Mich. State Univ.*,
 989 F.3d 418 (6th Cir. 2021) ....................................................................8

*Ebu v. United States Citizenship & Immigr. Servs.*,
 134 F.4th 895 (6th Cir. 2025).....................................................................8

*Elektra Entm't Grp., Inc. v. Barker*,
 551 F. Supp. 2d 234 (S.D.N.Y. 2008) ......................................................11, 13, 15

*Epidemic Sound AB v. Meta Platforms, Inc.*, No. 22-cv-04223-JSC,
 2022 LX 27893  (N.D. Cal. Nov. 28, 2022) ...........................................................4

*Facebook, Inc. v. Power Ventures, Inc.*,
 2009 U.S. Dist. LEXIS 42367 (N.D. Cal. May 11, 2009).....................................9

*Gen. Motors LLC v. Dorman Prods., Inc.*, No. 15-12917,
 2016 U.S. Dist. LEXIS 135721 (E.D. Mich. Sept. 30, 2016) .............................10

*Glob. Weather Prods., LLC v. Joe Pags Media, LLC*, No. SA-23-CV-01350-JKP,
 2024 U.S. Dist. LEXIS 211844 (W.D. Tex. Nov. 20, 2024)................................25

*Gordon v. Nextel Communs.*,
 345 F.3d 922 (6th Cir. 2003)...................................................................22

*Gray-El v. Jennifer Lopez/Nuyorican Prods.*,
 2019 U.S. Dist. LEXIS 230908 (E.D. Mich. Dec. 18, 2019) .............................21

*Gray-El v. Lopez*, No. 19-CV-10952,
 2020 U.S. Dist. LEXIS 38049 (E.D. Mich. Mar. 5, 2020) ..................................21

*Harris v. Am. Postal Workers Union*,
 198 F.3d 245 (6th Cir. 1999)...................................................................11

*Hill v. Waters*, No. 2:17-cv-532,
  2018 U.S. Dist. LEXIS 245273 (S.D. Ohio Feb. 2, 2018) ..................................13

*Hux v. Johnson & Johnson*, No. 3:23-CV-00215-FDW-DCK,
  2024 U.S. Dist. LEXIS 8702 (W.D.N.C. Jan. 17, 2024) .......................................4

*Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232,
  2013 U.S. Dist. LEXIS 75032 (N.D. Ill. May 28, 2013).......................................12

*Kremer v. Reddit, Inc.*, No. 2:21-cv-00038,
  2022 U.S. Dist. LEXIS 153988 (MD. Tenn. Aug. 26, 2022) ...............................10

*Laboy-Cardona v. Easter Seals Mich.*,
  2023 U.S. Dist. LEXIS 210416 (E.D. Mich. Nov. 20, 2023)...............................16

*Livingston v. Jay Livingston Music, Inc.*,
  142 F.4th 433 (6th Cir. 2025)...............................................................................18

*Lyons v. Stovall*,
  188 F.3d 327 (6th Cir. 1999)...................................................................................3

*Masck v. Sports Illustrated*,
  2013 WL 2626853 (E.D. Mich. June 11, 2013)....................................................23

*Moses v. YouTube, Inc.*, No. 12-2822-JPM-dkv,
  2013 U.S. Dist. LEXIS 185014 (W.D. Tenn. Sep. 23, 2013) ...............................21

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.*,
  299 F. App'x 509 (6th Cir. 2008)....................................................................9, 12

*NCR Corp. v. Korala Assocs.*,
  512 F.3d 807 (6th Cir. 2008)......................................................................... 19, 20

*New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*,
  336 F.3d 495 (6th Cir. 2003)...................................................................................3

*New Light Church Outreach v. Impact Network, Inc.*, No. 2:24-cv-12898,
  2025 U.S. Dist. LEXIS 136012 (E.D. Mich. June 26, 2025) (McMillion, J.)........7

*Norris v. Stanley*,
  73 F.4th 431 (6th Cir. 2023).....................................................................................7

iv

*Nuchols v. Berrong*,
   141 F. Appx. 451 (6th Cir. 2005) ............................................................................11

*Oracle Am. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST,
   2021 U.S. Dist. LEXIS 154121 (N.D. Cal. June 4, 2021)............................ 22, 23

*Premier Dealer Servs. v. Allegiance Adm'rs, LLC*, No. 2:18-CV-735,
   2019 U.S. Dist. LEXIS 473, 2019 WL 79038 (S.D. Ohio Jan. 2, 2019)..............10

*Scottsdale Ins. Co. v. Mod. Stucco & Servs., Inc.*, No. 1:22-cv-666,
   2023 U.S. Dist. LEXIS 232182 (W.D. Mich. Aug. 3, 2023)..................................5

*Simmons v. City of Detroit*, No. 18-13812,
   2020 U.S. Dist. LEXIS 27758 (E.D. Mich. Feb. 19, 2020)..................................16

*Tomelleri v. Sunfrog, LLC*, No. 1:23-cv-10370,
   2023 U.S. Dist. LEXIS 235852 (E.D. Mich. Oct. 30, 2023)................................18

*Trent P. Fisher Enters., LLC v. SAS Automation*, LLC,
   2021 WL 1209637 (S.D. Ohio Mar. 31, 2021)......................................................17

*United States v. Cent. Processing Servs., LLC (In re Cent. Processing Servs., LLC)*,
   No. 2:19-13711,
   2020 U.S. Dist. LEXIS 171061 (E.D. Mich. Sep. 18, 2020)................................21

**ISSUE PRESENTED**

Should the Court dismiss Plaintiffs' copyright infringement claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)?

Plaintiffs' Answer: No

Defendants' Answer: Yes

The Court Should Answer: No

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................................5, 9

*Coleman v. Hamilton Cty. Bd. of Cty. Comm'rs*,
   130 F.4th 593 (6th Cir. 2025)...................................................................15

*Elektra Entm't Grp., Inc. v. Barker*, 551 Supp. 2d 234 (S.D.N.Y. 2008)....11, 13, 15

*Epidemic Sound AB v. Meta Platforms, Inc.*, No. 22-cv-04223-JSC,
   2022 LX 27893  (N.D. Cal. Nov. 28, 2022) ...........................................4

*Oracle Am. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST,
   2021 U.S. Dist. LEXIS 154121 (N.D. Cal. June 4, 2021)............................ 22, 23

*Simmons v. City of Detroit*, No. 18-13812,
   2020 U.S. Dist. LEXIS 27758 (E.D. Mich. Feb. 19, 2020)..................................16

## INTRODUCTION

Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.; Instagram, LLC; and WhatsApp, LLC (collectively "Meta") proclaim that Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC ("Eight Mile") are "bold[]" for daring to "declare that there is widespread infringement of [their] works across Facebook, Instagram, and WhatsApp[.]" (ECF No. 22, at 1). Eight Mile agrees. Meta is one of the most valuable companies in the world, having nearly $200 billion in annual revenues and a CEO who sits second on Forbes' list of the richest people in the world; it has underlined resources at its disposal, and possesses teams of lawyers at the ready to crush any legitimate attempt at opposing many of the egregious tactics it employs in pursuit of its limitless expansion. By contrast, Eight Mile is a local independent music publisher from Ferndale, Michigan that represents five Detroit based writers: Marshall Mathers, Luis Resto, Mark and Jeff Bass, and Steve King (deceased). This wide gulf is apparent here, as Meta has the resources and time to spend on dilatory motions such as this one even though it knows a nearly identical one was filed by it in a nearly identical lawsuit and summarily denied. By these tactics, Meta may effortlessly start and then endure a war of attrition in order to force a smaller opposing party into submission. However, standing up to this corporate behemoth is where Eight Mile's boldness ends.

The claims raised in Eight Mile's Complaint are straightforward at their core, not bold. Eight Mile plainly states that: (1) it owns 243 registered musical compositions (the "Eight Mile Compositions" or the "Infringed Works") performed by world-famous artist Eminem, and which (2) were infringed by Meta companies Facebook, Instagram, and WhatsApp. The Complaint lists the compositions, identifies the manner in which the Eight Mile Compositions were infringed, and that Meta never received a license from Eight Mile. The Complaint even gives the compositions the proper name "Infringed Works." ECF No. 1, PageID.2, ¶1.[1]

Contrary to Meta's disingenuous claims that the Complaint "fails to draw precise lines" and only "*appears* to assert two categories of claims" for direct and secondary infringement (ECF No. 22, PageID.158) (emphasis added), the Complaint plainly asserts that Eight Mile seeks damages for infringement of each of the Infringed Works for both direct and secondary infringement (ECF No. 1, PageID.66,

---

[1] Meta's insinuation that the "Complaint points to 243 Eight Mile compositions, but (with two exceptions) never says which of them were allegedly infringed-let alone identifies when or where the infringement occurred, or by whom" (ECF No. 22, PageID.158) is utterly preposterous. The Complaint is replete with allegations that *all 243 Eight Mile Compositions* were willfully infringed by Meta "by and through their unauthorized storage, reproduction and exploitation" and that Meta "had no license to store, reproduce, or distribute the Infringed Works, but have nonetheless created and stored copies of the Infringed Works on their servers..." and that this has been "years-long and ongoing infringement." (ECF No.1, PageID.2, ¶10). The fact that the Complaint points out that at least two specific Eight Mile Compositions remain on Meta's music libraries after Meta removed other Eight Mile Compositions when Eight Mile brought this matter to Meta's attention only proves that Meta knows exactly what compositions were infringing. *Id*. at PageID.5, ¶9.

13, 18, 20, 21, 23), specifically delineating each individual cause of action, and describing Meta's infringing exploitation of the compositions, including, without limitation, its storage, reproduction, distribution, and encouragement through Meta's music library. (*Id.* at PageID.2-4, 6, 11, 13-14, 16-22).

Meta's Motion to Dismiss is almost entirely predicated upon a feigned ignorance of the "who, what, when, where, and how" of the infringement, which it erroneously asserts renders Eight Mile unable to meet the liberal minimum pleading standards. ECF No. 22, at PageID.159; *id.* at 158, 168. ***This same exact argument*** was attempted by Meta and summarily denied in another ongoing case that is nearly identical to the case at bar in which Meta is the defendant, *Epidemic Sound, AB v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, 22-cv-04223 (N.D. Cal.) ("*Epidemic*").[2]

In *Epidemic*, when moving to dismiss Epidemic's nearly identical allegations in its complaint, Meta argued in identical fashion to how it does here: that it could not discern the 'who, what, when, where, and how' of the infringement. Exh. B, *Epidemic*, 22-cv-004223, ECF No. 29, at 1, 11. And, as here, Meta made this assertion despite many of the answers to Meta's questions being within its own

---

[2] During the Parties' meet and confer regarding Meta's Motion to Dismiss, Eight Mile went out of its way to point out the *Epidemic* case as being on all fours with the current case and that Meta was raising the same arguments here. Plaintiffs have submitted materials from *Epidemic* in Exhibits A, B, and C, for this Court's consideration. *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999); *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

knowledge and/or control, *id*. at 2, 16, and/or having been explained and detailed thoroughly within the complaint. After reviewing the papers submitted, District Judge Jacqueline Corley "conclude[d] oral argument [wa]s unnecessary" in order for her to easily and summarily deny Meta's Motion to Dismiss in that case under *Twombly* and *Iqbal*. *Epidemic Sound AB v. Meta Platforms, Inc.*, No. 22-cv-04223-JSC, 2022 LX 27893, at *1-2 (N.D. Cal. Nov. 28, 2022).

Meta nonetheless boldly claims this Court should ignore this on-point decision from a nearly identical concurrent lawsuit, with nearly identical arguments being made within the same procedural posture. ECF No. 22, PageID.169, at n.9. However, *Epidemic*'s persuasive value here is extremely strong, as the court had the opportunity to review the nearly identical claims, as well as Meta's nearly identical arguments to dismiss those claims as those in this case, and it did not require any further explanation to summarily deny the motion. Indeed, courts routinely summarily deny motions to dismiss where the complaint is similarly well-pleaded. *See, e.g.*, *Hux v. Johnson & Johnson*, No. 3:23-CV-00215-FDW-DCK, 2024 U.S. Dist. LEXIS 8702, at *3 (W.D.N.C. Jan. 17, 2024) ("summarily den[ying] the Motion to Dismiss" where "the well-pleaded Amended Complaint contains enough factual allegations 'to raise a right to relief above the speculative level[]'" and (like the present case, as detailed further below) "[i]n addition, Defendants appear to conflate the pleading standards….") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

4

544, 555 (2007)). The decision in *Epidemic* is based on facts identical to the case at bar, and should be considered by this Court, particularly as the Sixth Circuit "value[s] harmony among the Circuits[,]" *Ahmed v. Ahmed*, 867 F.3d 682, 690 (6th Cir. 2017) (quotations omitted), and to avoid forum shopping. *Scottsdale Ins. Co. v. Mod. Stucco & Servs., Inc.*, No. 1:22-cv-666, 2023 U.S. Dist. LEXIS 232182, at *4 (W.D. Mich. Aug. 3, 2023).

Even a cursory review of the Complaint reveals that Eight Mile provided ample clarity and specificity regarding its claims for infringement of the duly registered Eight Mile Compositions, and the details of how, what, when, who, and where, all despite not being required, going above and beyond the pleading standard.

## FACTUAL BACKGROUND

Eight Mile is an independent music publisher that owns and controls the Eight Mile Compositions, which include worldwide hits performed by recording artist Eminem. As Eight Mile stated in its 2013 complaint against Meta (formerly Facebook): "Plaintiffs are extremely selective and deliberate in the licensing of Eminem compositions and, given his immense popularity, Plaintiffs command significant payment for licensing of Eminem compositions…." *Eight Mile Style LLC, et al. v. Facebook Inc., et al.*, 2:13-cv-12268 (E.D. Mich); PageID.13, ¶43.

Because of this, and Meta's unlicensed and unauthorized exploitation of the Eight Mile Compositions, Eight Mile alleges direct and secondary copyright

infringement of the Eight Mile Compositions by and through Meta's willful actions, including but not limited to, storage, reproduction, copying, distribution, and encouragement. ECF No. 1, PageID.2, 6, 13-14, 17, 18, at ¶¶1, 2, 5, 12, 44, 47, 53, 63. Eight Mile incorporates by reference the list of Infringed Compositions in Exhibit A to its Complaint. *Id*. at PageID.2, ¶1; PageID.6-7, ¶¶13-14. These compositions were infringed by Meta by its placement of them on its separate music libraries on each service: Facebook, Instagram, and WhatsApp. *Id*. at PageID.2, ¶2.[3]

Meta requested a list of music catalogs owned by music royalty collection company Audiam in March 2020 for negotiation of a license to exploit music from those catalogs. *Id*. at PageID.11, ¶ 33. It later received a "full list of publisher names represented by Audiam" which did not include Eight Mile. *Id*. at PageID.11, ¶¶35-38. Meta and Eight Mile had discussions for a direct license after this, with no agreement being reached. *Id*. at ¶39. Audiam's Vice President of Business & Legal Affairs, Michael Smith, confirmed in a May 23, 2025, letter that under Audiam's licensing agreements with Meta, Audiam did not claim to represent Eight Mile, and that when Audiam delivered information regarding the compositions represented by Audiam in its license to Meta, "Audiam did not include EMS compositions in its

---

[3] Meta inaccurately claims there is only one music library, ECF 22, PageID.161-162 (calling it "*a* 'Music Library'" and "*the* Music Library") (emphasis added) when there are actually three separate libraries, one on each service, each constituting a separate infringement, with separate infringements flowing from each service.

delivery of that information." *Id*. at ¶41-42. No party had authority to negotiate a license with Meta other than Eight Mile. No agreement was ever reached between Meta and Eight Mile. Audiam, who did not have authority to negotiate any license in any event, again, provided Meta with a list of compositions it controlled and the Eight Mile Compositions were not on it. Nonetheless, Meta took the volitional action of uploading the Eight Mile Compositions to its three Music Libraries.

Furthermore, as pleaded, the Audiam agreement with Meta expired in 2022, and a new agreement was entered into superseding the original license agreement. *Id*. at ¶¶6, 42. Once again, Audiam did not purport to license the Eight Mile Compositions under that license agreement either. *Id*. at ¶¶6-7, 42. Meta's use of the Eight Mile Compositions has thus been continuously unlicensed and infringing.

## LEGAL STANDARD

Eight Mile agrees that *Iqbal* and *Twombly*'s pleading requirements govern its claims. As Your Honor has noted, "[a] 12(b)(6) motion requires the Court to 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *New Light Church Outreach v. Impact Network, Inc.*, No. 2:24-cv-12898, 2025 U.S. Dist. LEXIS 136012, at *2-3 (E.D. Mich. June 26, 2025) (McMillion, J.) (quoting *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023));

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."A complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ctr. for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Doe v. Mich. State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021); *Ebu v. United States Citizenship & Immigr. Servs.*, 134 F.4th 895, 898 (6th Cir. 2025).[4] Eight Mile does not agree with Meta's attempt to tacitly import a higher pleading standard.

Meta has historically spoken out of both sides of its mouth when it comes to the pleading standard for copyright claims, based on whether it is a plaintiff or a defendant. When Meta (previously under the name Facebook) was a plaintiff suing for copyright infringement, it took the position that "copyright claims need not be pled with particularity" and that "[u]nder the liberal pleading standards, pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *Facebook v. Power Ventures, Inc.*, No. 08-CV-05780 JF, ECF. No. 30 (Pl.'s Op. to Defs.' Mot. to Dismiss) at 9, 13 (quotations and citations omitted).

---

[4] There is conflict among published Sixth Circuit decisions post-*Twombly* on whether the 'no set of facts' language applies, with more recent Sixth Circuit decisions, including *Ebu* from this April, utilizing this language to review motions to dismiss under Rule 12(b)(6).

Indeed, the court agreed "Facebook need not allege the exact content that Defendants are suspected of copying at this stage of the proceedings. There is no requirement that copyright claims must be pled with particularity." *Power Ventures, Inc.*, 2009 U.S. Dist. LEXIS 42367, *10 (N.D. Cal. May 11, 2009) (citations omitted).

During the meet and confer on the instant motion, Meta was again pointed to the portion of Epidemic's brief wherein Meta's inconsistent positions were previously pointed out to Meta. Nonetheless, as in *Epidemic*, Meta argues that the Complaint lacks the same kind of "specific" detailed factual "allegations" regarding "specific content" and is generally "short on specifics" ECF No. 22, PageID.158, 165, 168, in spite of the in-depth detail throughout the Complaint that already goes above the pleading standard. *See Napolitano*, 648 F.3d at 369 ("[T]he complaint need not contain 'detailed factual allegations[.]'") (quoting *Twombly*, 550 U.S. at 555).

Despite taking the exact opposite position in *Power Ventures*, Meta wrongly claims a heightened pleading standard applies here, citing *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008), ECF No. 22, PageID.167, 169 (which it also cited in *Epidemic*, Exh. B, at 10, 11), an inapposite unpublished case dealing with that complaint's failure to identify which derivative work infringed on a particular copyright, that has been historically used to attempt to raise the pleading standard. This notion of a heightened pleading standard, however, has been shot down by district courts in this circuit. *See Kremer*

9

*v. Reddit, Inc.*, No. 2:21-cv-00038, 2022 U.S. Dist. LEXIS 153988, at *7-8 (MD. Tenn. Aug. 26, 2022) ("[T]his Court must address Reddit's suggestion that copyright infringement claims require a heightened pleading standard than other civil actions. Reddit cites *National Business Development….* to support its position that a court should dismiss copyright infringement claims at the pleading stage if the plaintiff does not plead the case with particularity. But 'a careful reading'—and historical contextualization—'of *National Business Development* belies the claim that copyright infringement claims are subject to a special pleading standard in this Circuit.'") (quoting *Gen. Motors LLC v. Dorman Prods., Inc.*, No. 15-12917, 2016 U.S. Dist. LEXIS 135721, 2016 WL 5661578, at *3 (E.D. Mich. Sept. 30, 2016)); *Antony v. Buena VISTA Books, Inc.*, No. 18-205-DLB-CJS, 2021 U.S. Dist. LEXIS 257389, at *5 (E.D. Ky. Sep. 29, 2021) (citing *Premier Dealer Servs. v. Allegiance Adm'rs, LLC*, No. 2:18-CV-735, 2019 U.S. Dist. LEXIS 473, 2019 WL 79038 at *4 (S.D. Ohio Jan. 2, 2019) as "clarifying that *Nat'l Bus. Dev. Servs….* does not stand for a heightened pleading standard in copyright cases….").

Meta's citation to *Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co. Ltd.*, 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015) fails similarly. Plaintiffs there alleged that dozens of characters in Defendants' videogame 'Heroes Charge' were "derived from and substantially similar to [Plaintiffs] Blizzard and Valve's characters" without alleging which "'Heroes Charge' characters infringe[d] <u>which</u> characters from <u>which</u>

of Blizzard or Valve's numerous games, related products and merchandise." *Id*. (emphasis theirs). As in *Nat'l Bus. Dev. Servs.*, the *Blizzard* case deals with the incorporation of some protectible elements of the plaintiffs copyrights into a new work created by defendants that is "derived from and substantially similar" to the underlying work, and in *Blizzard* both the infringing and infringed works remain unidentified, *id*., which is not what we are dealing with here, as "Meta makes a copy of the work and transfers it to the user[,]" i.e. the work itself is being directly copied, reproduced, stored, and distributed under its own name. ECF No. 1, PageID.17, ¶56; *see id*. at PageID.20, ¶¶ 63, 71 ("Meta's Music Libraries" reproduce, store, and distribute "a copy of an Eight Mile Composition…."). Therefore, this case is also inapt when considering the case at bar. *Compare id. with Elektra Entm't Grp., Inc. v. Barker*, 551 F. Supp. 2d 234, 238-39 (S.D.N.Y. 2008), *infra*.

Eight Mile need not plead its claims to the level of factual detail Meta asserts in its motion: Eight Mile gives fair notice of what its claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555.

## ARGUMENT

"A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted." *Nuchols v. Berrong*, 141 F. Appx. 451, 453 (6th Cir. 2005) (citing *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir. 1999)). "The prima facie elements of … a copyright infringement cause of action, are: (i) ownership of a valid copyright,

and (ii) copying of a protected interest in the work by the defendant." *Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2014 U.S. Dist. LEXIS 167548, at *41 (E.D. Mich. Dec. 3, 2014).[5] Meta's Motion should be denied, as Eight Mile alleges it possesses ownership of registered copyrights in the Infringed Compositions, and Eight Mile sufficiently alleges copying of the Eight Mile Compositions by Meta.

## I.   EIGHT MILE HAS SUFFICIENTLY ALLEGED DIRECT COPYRIGHT INFRINGEMENT TO DEFEAT META'S MOTION TO DISMISS.

Meta begins its attack by alleging that Eight Mile did not identify any purportedly infringing copies, which defendant made the copies, nor when any alleged copying occurred, and therefore Eight Mile's Complaint should be dismissed. ECF No. 22, PageID.167. Meta supports this proposition with the previously debunked and distinguished unpublished case, *Nat'l Bus. Dev. Servs., Inc.*, 299 F. App'x at 512, cases that cite to it, and other out of circuit authority. ECF No. 22, PageID.167 & n.8. Even with Meta attempting to move the goalposts, Eight Mile nonetheless is more than specific in its allegations to go above and beyond the required pleading standard, which it does not need to.

First and foremost, Eight Mile plainly alleges which 'infringing copies' were made and '**which defendant made the copies**,' stating, for example:

---

[5] Eight Mile "must simply allege, not prove, ownership and infringement of a valid copyrighted work." *Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 U.S. Dist. LEXIS 75032, at *11 (N.D. Ill. May 28, 2013).

"Meta has … rampantly <u>infringed the Eight Mile Compositions</u>, both directly and secondarily, by … reproducing and storing <u>copies of the Eight Mile Compositions</u> in the Music Libraries of **Facebook, Instagram, and WhatsApp**[.]." ECF No. 1, PageID.13, ¶44 (emphasis added); *see id.* at PageID.14, ¶46-47 ("Meta has created Music Libraries which are available on Facebook, Instagram, and WhatsApp. … These Music Libraries, and the reproduction and storage of the Eight Mile Compositions on them, is direct infringement by Meta in and of itself[.]"). Next, Eight Mile notes throughout its Complaint that Meta's infringement was "years-long and ongoing[.]" *Id.* at PageID.5, ¶10, 45. *See Elektra Entm't Grp., Inc.*, 551 F. Supp. 2d at 238-39 ("[T]he Complaint adequately alleges that Defendant has in the past used, and [continues] to use, an online media distribution system to download, distribute, and/or make available, copyrighted works belonging to Plaintiffs. The Complaint does not affix a date or time of each instance of alleged infringement, but it need not do so in order to survive a motion to dismiss. An allegation of past and continuing infringement "sufficiently puts defendant on notice as to which acts -- downloading and distribution of certain copyrighted recordings via online media -- form the basis of the Plaintiffs' claim.") (citations omitted).

Additionally, Meta's citation to *Hill v. Waters*, No. 2:17-cv-532, 2018 U.S. Dist. LEXIS 245273, at *2 (S.D. Ohio Feb. 2, 2018) holds next to no value, and is not persuasive for the point Meta attempts to make: that a dismissal is warranted

where a plaintiff does not identify which of its protected work was copied and by whom and when. "At the outset, the Court note[d] that Plaintiff's Complaint [wa]s particularly difficult to decipher" in a case against subdivisions/associates of Ohio State University (namely their marching band, which the court concluded could not be sued as a subdivision and dismissed on that ground), that it was dealing with a *pro se* plaintiff, and that he had filed two prior lawsuits against Ohio State that were both dismissed for failure to state a claim. *Id*. at *2, 4. The court secondarily reasoned that dismissal was warranted because "it is apparent from the face of Plaintiff[']s Complaint that he has no valid copyright in the Marching Band uniform designs and, therefore, his allegations fail to establish even the first element of a copyright infringement claim." *Id*. at 14-15. None of that court's rationale is applicable to the case at bar.

What is applicable is that "Defendant in this case does not [reasonably] contest Plaintiff's ownership of a copyright, and thus, the sole question remaining is whether Plaintiff has successfully created an inference of copying in satisfaction of the second prima facie element." *Antony*, 2021 U.S. Dist. LEXIS 257389, at *5. Eight Mile's allegations, taken as true, create an inference of copying as Eight Mile alleges whole-cloth volitional copying, reproduction, storage, and distribution of the Eight Mile Compositions themselves through Facebook, Instagram, and WhatsApp's Music Libraries, with specific factual details beyond that required under the pleading

14

standard. Further, Meta "acknowledge[s]" its "takedown" of the Eight Mile Compositions after Eight Mile complained of their use, demonstrating its knowledge of the works at issue. ECF No. 22, PageID.168. Eight Mile has more than met the liberal pleading burden.

### A.  Statute of Limitations and Statutory Damages

Meta continues to purposefully attempt to heighten the pleading requirements and shift the burden to Eight Mile when it comes to Meta's statute of limitations and statutory damages affirmative defenses. Meta argues that it is constrained from showing that Eight Mile has not adequately pleaded that any infringement falls within the limitations period, because it does not know when[6] the infringement occurred. ECF No. 22, PageID.169-170.

First, Meta cites no case law to support this argument, thereby waiving it. *Barnes v. G4S Secure Sols. (USA) Inc.*, 2025 U.S. Dist. LEXIS 43942, *53-54 (E.D. Mich. Mar. 11, 2025) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point."). Second, Meta attempts to mislead the Court by purposefully ignoring the binding authority that "plaintiffs need not plead a claim's timeliness[.]" *Coleman v. Hamilton Cty. Bd. of Cty. Comm'rs*, 130 F.4th 593, 607 (6th Cir. 2025). It is not Eight Mile's burden to plead its claims to a higher pleading

---

[6] *See Elektra Entm't Grp., Inc.*, 551 F. Supp. 2d at 239, *supra*.

standard in order to assist Meta in its disingenuous defenses. "Where a plaintiff does not affirmatively plead [it]self out of court … a statute of limitations challenge is prematurely raised in a motion to dismiss." *Laboy-Cardona v. Easter Seals Mich.*, 2023 U.S. Dist. LEXIS 210416, at *8 (E.D. Mich. Nov. 20, 2023).

In the same vein, Meta argues the Complaint is somehow defective because it is purportedly impossible therefrom to assess the availability of statutory damages. ECF No. 22, PageID.170.[7] Meta argues that Eight Mile has omitted information going to this defense, despite Eight Mile having no obligation to do so. "[A] plaintiff is not required to 'anticipate and attempt to plead around all potential defenses' and 'complaints need not contain any information about defenses and may not be dismissed for that omission.'" *Simmons v. City of Detroit*, No. 18-13812, 2020 U.S. Dist. LEXIS 27758, at *5 (E.D. Mich. Feb. 19, 2020) (citation omitted). Where a plaintiff has not affirmatively pled itself out of court, a challenge to the entitlement to statutory damages is premature. *See B&P Littleford, LLC v. Prescott Mach., LLC*, 530 F. Supp. 3d 729, 740 n.8 (E.D. Mich. 2021) ("Defendants' … request to dismiss

---

[7] All of the compositions were registered prior to their infringement. Further, under *Twombly* and *Iqbal*, Eight Mile's Complaint is more than sufficiently pleaded, and Meta's arguments are the sort of things that could easily be addressed by an amendment. Although an amendment is not necessary here, in fact Eight Mile asked Meta point blank during the meet and confer whether there were any such amendments that would satisfy Meta in order to avoid motion practice, and Meta denied that any such amendment was possible. If it's not possible, it's not needed.

Plaintiff's claim for statutory damages and attorney fees will also be denied. …
Plaintiff plausibly alleges that the full scope of Defendants' infringement is yet
unknown. Accordingly, the question of statutory damages and attorney fees should
not be reached until the parties have had some opportunity for fact discovery.")
(internal citation omitted). Both out-of-district cases cited by Meta[8] on this point are
inapposite as they involve plaintiffs affirmatively pleading themselves out of court.
In *Trent*, "[t]he Complaint alleges that Defendants' purported infringement …
'commenced after first publication of the works and before the effective date of their
registrations[,]'" 2021 U.S. Dist. LEXIS 62914, at *26, and in *Ozark Laser Sys.*,
"Defendants allegedly copied the videos in 2014; [and] Plaintiff registered the
copyright claim for the videos in 2015." 2015 U.S. Dist. LEXIS 94308, at *16-17.
The present case is nothing like those cited by Meta, this defense should be denied.

### B.   <u>User-Generated Content</u>

Finally, Meta vaguely argues that it does not know "which user-generated
content forms the basis for Eight Mile's claims," while apparently not seeming to
ask for any relief nor citing any case law, ECF. No. 22, PageID.170-171, waiving
this assertion. *Barnes*, 2025 U.S. Dist. LEXIS 43942, at *53-54. As in *Epidemic*, this
is a "distraction[,]" one of "Meta's repeated efforts throughout its Motion to pretend

---

[8] *Trent P. Fisher Enters., LLC v. SAS Automation*, LLC, 2021 WL 1209637, at *7-9
(S.D. Ohio Mar. 31, 2021); *Allen Trench Safety Corp. v. Ozark Laser Sys.*, 2015 WL
4475645, at *7 (W.D. Mich. July 21, 2015).

this case – which is centered on *Meta's* infringement… - is about an entirely different activity, *i.e.*, user generated content ("UGC") posted to its platforms." Exh. C, at 3 (Epidemic Opposition); Exh. A (Epidemic Complaint), at ¶9. This is another transparent attempt by Meta to raise the pleading standard to a level of detail and specificity not required by *Twombly* and *Iqbal* that must be denied. *See Tomelleri v. Sunfrog, LLC*, No. 1:23-cv-10370, 2023 U.S. Dist. LEXIS 235852, at *18 n.5 (E.D. Mich. Oct. 30, 2023) ("[T]he DMCA's safe harbor provisions are an affirmative defense, and plaintiffs need not anticipate affirmative defenses in their pleadings."); *Simmons*, 2020 U.S. Dist. LEXIS 27758, at *5.

## II.   EIGHT MILE HAS SUFFICIENTLY ALLEGED SECONDARY COPYRIGHT INFRINGEMENT TO DEFEAT META'S MOTION TO DISMISS.

"In all its many forms, music is a powerful influence. … Music's perhaps most endearing quality is its ability to unite. Whether it be a song, an artist, or an ensemble, each has its own way of joining those of different backgrounds in a shared passion." *Livingston v. Jay Livingston Music, Inc.*, 142 F.4th 433, 436 (6th Cir. 2025). Meta recognizes these qualities of music, and admits the importance of the Eight Mile Compositions to its business and users, wanting to "enable [Meta's] users to express themselves using [Eight Mile's] catalog" in order to "Give People a Voice" and "Build Connection and Community." ECF No. 1, PageID.16. Because of this, Meta ran roughshod over Eight Mile's rights to distribute the Eight Mile Compositions to

its users and the world at large; Meta had a direct relationship to the secondary infringements, and, again, Eight Mile has plausibly plead direct infringement.

### A.   <u>Contributory Infringement</u>

"Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *NCR Corp. v. Korala Assocs.*, 512 F.3d 807, 816 (6th Cir. 2008). A plaintiff must allege: (1) direct copyright infringement by a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) defendant's material contribution to the infringement. *Id*. For all of the ink spilled by Meta to distract and attempt to alter the standard, this claim is very straightforward, and returning to the standard and applying it to the elements will make this simple. Has Eight Mile made a short and plain statement, that when construed in the light most favorable to it, and accepting all well-pleaded factual allegations as true, contains sufficient factual matter to state a claim for relief that is plausible (not probable) on its face? Or does it appear beyond a doubt that Eight Mile can prove no set of facts in support of its claims that would entitle it to relief?

Eight Mile has alleged direct infringement by a third-party, Meta users, who use tools provided by Meta that Meta knows, or should know, contribute to exponential infringement, including Reels Remix, Original Audio, and Instagram's Direct Message Music Sticker, and the users download from Meta's Music Libraries,

stream, and synchronize the Eight Mile Compositions, provided by Meta, without a license. *See, e.g.*, ECF No. 1, PageID.14, ¶¶47, 56. Eight Mile has also alleged that Meta "knew or should have known" *NCR Corp.*, 512 F.3d at 817, of the infringement.[9] Namely, as discussed above, Meta objectively knew it did not have a license to exploit the Eight Mile Compositions, and was aware that it was providing infringing material on a massive scale, thereby culpably causing direct infringement by its users every time they copied, synched, downloaded, or streamed the Eight Mile Compositions from its Music Libraries, which it deliberately placed there.

Lastly, Eight Mile has plausibly alleged Meta's material and intentional contribution to the infringement through Meta's deliberate placement of the sound recordings embodying the Infringing Compositions in its Music Libraries, and the creation of the online tools mentioned above within its services which allow and encourage its users to rip Eight Mile's music from other content, create new infringing audiovisual content, and to exponentially infringe. ECF No. 1, PageID.2, ¶4; PageID.3, ¶5. Eight Mile has thoroughly detailed factual allegations above the pleading requirements within its Complaint, and denial is warranted.

---

[9] Meta states that Eight Mile did not provide a takedown notice to it and that somehow this erases Meta's knowledge of the infringement. ECF No. 22, PageID.176. Even if Eight Mile had provided a takedown notice, the Infringing Compositions would remain in Meta's Music Libraries, and this would not change Meta's knowledge of its own previous volitional conduct in copying, reproducing, and distributing the compositions through its Music Libraries.

**B.**   **Inducement of Copyright Infringement**

Curiously, Meta states that "[n]o court within the Sixth Circuit has treated an inducement claim as anything but an alternative theory of contributory infringement[,]" and "[a]s a result, it should be dismissed…." ECF No. 22, PageID.180. This is flatly incorrect. The Eastern District of Michigan recently stated that "[c]ontributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement claims are secondary infringement claims that depend on an underlying direct copyright infringement claim." *Gray-El v. Jennifer Lopez/Nuyorican Prods.*, 2019 U.S. Dist. LEXIS 230908, at *41-42 (E.D. Mich. Dec. 18, 2019) (citations omitted) *report and recommendation adopted sub nom. Gray-El v. Lopez*, No. 19-CV-10952, 2020 U.S. Dist. LEXIS 38049 (E.D. Mich. Mar. 5, 2020). Other district courts in this Circuit have said the same. *Moses v. YouTube, Inc.*, No. 12-2822, 2013 U.S. Dist. LEXIS 185014, at *23-24 (W.D. Tenn. Sep. 23, 2013) (delineating tests for all three causes of action); *Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 U.S. Dist. LEXIS 130669, at *10 (S.D. Ohio Sep. 16, 2014) (same).

Meta does not argue that Eight Mile cannot meet the pleading requirements for its claim for Inducement of Copyright Infringement, waiving the argument, *United States v. Cent. Processing Servs., LLC (In re Cent. Processing Servs., LLC)*, No. 2:19-13711, 2020 U.S. Dist. LEXIS 171061, at *8 (E.D. Mich. Sep. 18, 2020) ("It is a well-established procedural rule in the Sixth Circuit that failure to raise an

argument in a motion acts as a waiver of that argument.") (citations omitted), and Meta's strictly legal argument fails in the face of an abundance of contrary authority. Eight Mile's Inducement claim must survive the Motion to Dismiss.

### C.   <u>Vicarious Infringement</u>

"Vicarious liability exists when (1) a defendant has the right and ability to supervise the infringing conduct and (2) the defendant has an obvious and direct financial interest in the infringement." *Gordon v. Nextel Communs.*, 345 F.3d 922, 925 (6th Cir. 2003). Eight Mile plausibly plead factual allegations sufficient to pass muster for these two elements of vicarious infringement. Ultimately here, "[w]hat matters is whether [Meta] had 'the *right* and *ability*' to supervise the infringement, not whether [it] in fact supervised it." *Broad. Music, Inc. v. Meadowlake, Ltd.*, 754 F.3d 353, 355 (6th Cir. 2014) (emphasis kept) (quotations omitted). In *Oracle Am. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2021 U.S. Dist. LEXIS 154121, at *29 (N.D. Cal. June 4, 2021), the court discussed how in the famous *Napster* case, "an MP3 music sharing website was accused of vicarious[] liability for users' sharing of copyrighted songs." (citing *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1011 (9th Cir. 2001)). "Addressing the right and ability to supervise, the [*Napster*] court found that Napster had the right to control access to its system because it reserved the right to terminate users." *Oracle Am.*, 2021 U.S. Dist. LEXIS 154121, at *29 (citing *Napster, Inc.*, 239 F.3d at 1011). Within Meta's motion it attached the terms

22

of service for Facebook, Instagram, and WhatsApp, ECF No. 22, PageID.161, each of which provide for each company's reservation of rights to terminate users, essentially admitting the first element of vicarious infringement. *See* https://www.facebook.com/terms ("We also can remove … access to content, features, services, or information if we determine that doing so is reasonably necessary…."); https://help.instagram.com/termsofuse ("We can refuse to provide or stop providing all or part of the Service to you (including terminating or disabling your access to the Meta Products and Meta Company Products"); https://www.whatsapp.com/legal/terms-of-service?lang=en#oQjAZPe3izF0hrJiM ("We may … terminate your access to or use of our Services anytime for any reason…."). Like Napster, Meta "ha[s] the practical ability to supervise infringement even though it [can]not control all of the third-parties' infringement." *Oracle Am.*, 2021 U.S. Dist. LEXIS 154121, at *29. Its arguments that there are countless posts and stories do not affect Eight Mile's ability to plausibly plead this element, and its citation to the case of *Masck v. Sports Illustrated*, 2013 WL 2626853, at *7 (E.D. Mich. June 11, 2013) is in conflict with the Sixth Circuit's decision in *Broad. Music, Inc.*, 754 F.3d at 355, *supra*. In *Masck* the court stated that the Plaintiff must put forth factual allegations that demonstrate Amazon could plausibly verify the copyright status of <u>each and every piece</u> of merchandise it lists from third-party sellers. Failure to do so requires dismissal of this claim." 2013 U.S. Dist. LEXIS

81677, at *20 (emphasis added). However, as subsequently held by *Broad. Music, Inc.*, 754 F.3d at 355, in this analysis "[w]hat matters is whether [a litigant] had 'the *right* and *ability*' to supervise the infringement, not whether [it] in fact supervised it." The portion of *Masck* relied upon by Meta cannot coexist with *Broad. Music, Inc.*, which is controlling. Eight Mile has put Meta on notice of its claims, and also Meta cannot demonstrate that there is no set of facts Eight Mile could prevail on. Further, Meta admitted in its pleadings this essential element of the claim, per *Napster*.

Regarding the second element, "financial benefit 'exists where the availability of infringing material acts as a <u>draw</u> for customers.'" *Cook v. Meta Platforms Inc.*, No. 4:22-cv-02485-YGR, 2023 U.S. Dist. LEXIS 181237, at *18 (N.D. Cal. Jan. 4, 2023) (emphasis added). In *Cook*, the Court stated that:

> Plaintiff alleges that Facebook's lenience toward copyright infringing advertisements draws advertisers to Facebook in a way that websites that more rigorously police infringement do not. These allegations support the inference that Facebook's alleged lenience toward infringement financially benefits defendant. Accordingly, plaintiff has adequately pled this element of the claim. The motion to dismiss Claim 3 is DENIED.

2023 U.S. Dist. LEXIS 181237, at *18. Similarly here, Eight Mile alleged that "[t]he availability of the Eight Mile Compositions was/is a '<u>draw</u>' for customers, and is directly related to the financial benefits Meta obtained/obtains[,]" particularly "[g]iven the iconic nature of the Eight Mile Compositions, and the need of Meta to

be able to have them on the Meta platforms," ECF No. 1, PageID.22, ¶¶82, 8 (emphasis added), that "Meta executives have actively encouraged rampant infringement in order to attract as many users as possible to, among other things make advertising on their services more profitable for themselves," *id*. at PageID.4, ¶8, and that Meta indeed "receiv[ed] a direct financial benefit from [the infringement] in the form of advertising, sponsored post, and subscription fees." *Id*. at PageID.22, ¶81.[10] Eight Mile has plausibly pled the second element of vicarious liability. *See Broad. Music, Inc.*, 754 F.3d at 354 ("infringing performances… drew more customers[,]" creating a direct financial interest owner did not dispute, making him vicariously liable).[11]

## CONCLUSION

In conclusion, this Court should fully deny Meta's Motion to Dismiss.

By: */s/ Richard S. Busch*
*/s/ Howard Hertz*

---

[10] "Facebook's primary source of revenue is selling advertisement space to advertisers." *Cook*, 2023 U.S. Dist. LEXIS 181237, at *2; *see* ECF No. 1, PageID.15-16, ¶48.

[11] *Glob. Weather Prods., LLC v. Joe Pags Media, LLC*, No. SA-23-CV-01350-JKP, 2024 U.S. Dist. LEXIS 211844, at *22 (W.D. Tex. Nov. 20, 2024) (litigant "enjoyed a direct financial benefit from the Infringement from, inter alia, advertising revenue from the increased traffic to its FB Account and from increase in fees paid by advertisers and sponsors. These allegations are sufficient to state a plausible cause of action of vicarious copyright infringement at the motion to dismiss stage")

Date: October 27, 2025

**KING &  BALLOW**
Richard S. Busch
David Niemierzycki
26 Century Blvd., Suite NT700
Nashville, TN 37214
rbusch@kingballow.com
dniemierzycki@kingballow.com
Tel: (615) 259-3456

**HERTZ SCHRAM PC**
Howard Hertz (P26653)
Matthew Turchyn (P76482)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
Tel: (248) 335-5000
hhertz@hertzschram.com
mturchyn@hertzschram.com

*Attorneys for Plaintiffs Eight Mile Style,*
*LLC; and Martin Affiliated, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I electronically filed the foregoing papers with the Clerk of the Court using ECF, which will provide notice to all counsel of record.

By: /s/ *Richard S. Busch*
Richard S. Busch