# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| EIGHT MILE STYLE, LLC; and MARTIN AFFILIATED, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> META PLATFORMS, INC., f/k/a FACEBOOK, INC.; INSTAGRAM, LLC; and WHATSAPP, LLC, <br><br> *Defendants*. | Case No. 2:25-CV-11618-BRM-DRG <br><br> Hon. Brandy R. McMillion <br> United States District Judge <br><br> Hon. David R. Grand <br> United States Magistrate Judge |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
aparasharami@mayerbrown.com
Tel: (202) 263-3000

Andrew S. Rosenman (P54869)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
arosenman@mayerbrown.com
Tel: (312) 782-0600

Matthew D. Ingber
Allison Aviki
Rory K. Schneider
David Yolkut
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
mingber@mayerbrown.com
aaviki@mayerbrown.com
rschneider@mayerbrown.com
dyolkut@mayerbrown.com
Tel: (212) 506-2500

*Attorneys for Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.; Instagram, LLC; and WhatsApp LLC*

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................1

I.    Eight Mile Has Not Sufficiently Pleaded Its Direct Copyright Infringement Claim ...........................................................................1

II.    Eight Mile's Secondary Liability Claims Fail ....................................5

    A.    Eight Mile Can't Identify Any Underlying User Infringement................................................................................5

    B.    Eight Mile Ignores The Test For Contributory Infringement..................................................................................5

    C.    Eight Mile's Inducement "Claim" Is Merely A Subspecies Of Contributory Infringement And Fails In Any Event .........................................................................................7

    D.    Eight Mile's Vicarious Infringement Claim Is A Non-Starter ..............................................................................................8

CONCLUSION ............................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ...............................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................2, 3

*Atari Interactive, Inc. v. Redbubble, Inc.*,
515 F. Supp. 3d 1089 (N.D. Cal. 2021)................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................2, 3

*BMI v. Meadowlake, Ltd.*,
754 F.3d 353 (6th Cir. 2014) ...............................................................................10

*Boxill v. O'Grady*,
935 F.3d 510 (6th Cir. 2019) ...............................................................................3

*Concord Music Grp., Inc. v. X Corp.*,
2024 WL 945325 (M.D. Tenn. Mar. 5, 2024)........................................6, 7, 9, 10

*Conley v. Gibson*,
355 U.S. 41 (1957)................................................................................................3

*Doe v. Michigan State Univ.*,
989 F.3d 418 (6th Cir. 2021) ...............................................................................3

*Ebu v. U.S. Citizenship & Immigr. Servs.*,
134 F.4th 895 (6th Cir. 2025) ..............................................................................3

*Elektra Entertainment Group, Inc. v. Barker*,
551 F. Supp. 2d 234 (S.D.N.Y. 2009) .................................................................2

*Ellison v. Robertson*,
357 F.3d 1072 (9th Cir. 2004) .............................................................................10

*Epidemic Sound, AB v. Meta Platforms, Inc.*,
No. 22-cv-04223-JSC (N.D. Cal. Nov. 28, 2022) ...........................................3, 4

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Facebook, Inc. v. Power Ventures, Inc.*,
 844 F.3d 1058 (9th Cir. 2016) ................................................................................4

*Gordon v. Nextel Commc'ns*,
 345 F.3d 922 (6th Cir. 2003) ..........................................................................8, 10

*Gray-El v. Jennifer Lopez/Nuyorican Prods.*,
 2019 WL 8750506 (E.D. Mich. Dec. 18, 2019) .....................................................8

*Masck v. Sports Illustrated*,
 2013 WL 2626853 (E.D. Mich. June 11, 2013) ...................................................10

*MGM Studios, Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005).......................................................................................6, 7, 8

*Moses v. YouTube, Inc.*,
 2013 WL 12095139 (W.D. Tenn. Sep. 23, 2013) ..................................................8

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*,
 299 F. App'x 509 (6th Cir. 2008) ..........................................................................3

*NCR Corp. v. Korala Assoc., Ltd.*,
 512 F.3d 807 (6th Cir. 2008) .................................................................................6

*Tomelleri v. SunFrog, LLC*,
 721 F. Supp. 3d 566 (E.D. Mich. 2024) .................................................................5

*VHT, Inc. v. Zillow Group, Inc.*,
 918 F.3d 723 (9th Cir. 2019) .................................................................................9

**Statutes**

17 U.S.C. § 507 ...........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8 ..........................................................................................................1

Fed. R. Civ. P. 12 ..................................................................................................4, 10

Eight Mile may prefer to call itself a "local independent music publisher," but it can't deny that, as another federal court has explained, it's a well-resourced serial litigant that places copyright infringement damages at the center of its business model. Here, that strategy should fail, because—just like its complaint—Eight Mile's opposition offers almost no specific facts supporting its infringement claims. Eight Mile has still yet to identify more than two compositions that were infringed either directly or secondarily, other than in the most conclusory of terms.

Yet Rule 8 requires alleging actual facts, not speculation; and Eight Mile's failure to do so requires dismissal of the entire complaint. Significantly, Eight Mile's pleading deficiencies are most acute with respect to user-generated content—the predicate for each of Eight Mile's secondary liability theories. In fact, Eight Mile can't identify a *single* instance of a user infringing its compositions. And without an underlying act of user infringement, Eight Mile's secondary liability claims collapse.

## ARGUMENT

### I.   Eight Mile Has Not Sufficiently Pleaded Its Direct Copyright Infringement Claim

Eight Mile chiefly rests on its conclusory allegations that Meta must have infringed "all 243 Eight Mile Compositions" because it contends (without any factual basis) that they all allegedly appeared at some unknown point in Meta's Music Library. Unable to offer any specifics in its opposition, Eight Mile's argument boils down to the contention that Meta knows what it did. But that argument can't

1

get around Eight Mile's failure to identify which compositions were used, on which Meta service (Instagram, Facebook, or WhatsApp), or when.

Eight Mile's rejoinder is to assert that there has been "years-long and ongoing" infringement. ECF No. 27, PageID.229. But that assertion isn't good enough: Eight Mile can't make that bald, unexplained statement and expect the Court and Meta to guess about which works were allegedly infringed on which services.[1] *See, e.g.*, ECF No. 22, PageID.167 (collecting cases dismissing complaints that fail to identify which works were "copied by whom and when").

Eight Mile asserts that Meta calls for a "heightened pleading standard" (ECF No. 27, PageID.225), but Meta has done no more than explain how *Twombly* and *Iqbal* apply to similar copyright cases. That is, under the five cases that we cite (and that Eight Mile ignores), a plaintiff must allege specific facts that make the asserted infringement plausible—not merely possible. *See* ECF No. 22, PageID.167.[2]

---

[1] As Meta has shown, the complaint's omissions prevent Meta from evaluating several defenses, including under the DMCA and 17 U.S.C. § 507. *See* ECF No. 22, PageID.169-171. Contrary to Eight Mile's argument, *see* ECF No. 27, PageID.231, Meta isn't shifting its burden, but rather highlighting specific ways in which the complaint lacks essential information.

[2] Eight Mile's cited cases only underscore the deficiencies in its own pleading. For example, the complaint in *Elektra Entertainment Group, Inc. v. Barker*, 551 F. Supp. 2d 234 (S.D.N.Y. 2009) (*see* ECF No. 27, PageID.227-29), was far more detailed: it alleged the manner, exact location, and identity of the infringements, using screenshots from the file sharing program at issue. *Elektra Entm't Grp., Inc. v. Barker*, No. 05-cv-07340 (S.D.N.Y. Aug. 19, 2005), ECF No. 1-3. As the *Elektra* court confirmed, plaintiffs must plead with "specificity the acts by which a defendant has committed copyright infringement." 551 F. Supp. 2d at 238.

Eight Mile chastises Meta for citing a Sixth Circuit case to erect a "special pleading standard." ECF No. 27, PageID.226 (citing *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 F. App'x 509 (6th Cir. 2008)). But that's untrue. The case simply explains why *Twombly* matters in copyright cases: to avoid "resource intensive" discovery without "plausible grounds." 299 F. App'x at 512. That point echoes *Twombly* itself: "'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed'" to its "inevitably costly and protracted discovery phase." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations omitted).[3]

Lacking any specifics to point to, Eight Mile clings to the brief order in *Epidemic Sound, AB v. Meta Platforms, Inc.*, No. 22-cv-04223-JSC (N.D. Cal. Nov. 28, 2022), ECF No. 37. But as Meta previously discussed, that order is not persuasive because it does not provide reasoning to support its result. *See* ECF No. 22, PageID.169. Moreover, no matter how often Eight Mile says that its allegations are

---

[3] Although it purports to "agree[] that *Iqbal* and *Twombly*'s pleading requirements govern its claim," Eight Mile falls back on the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See* ECF No. 27, PageID.224, 235. But "*Twombly* retired" that standard as "too lenient." *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009). Neither case that Eight Mile cites for that abrogated rule actually applied it, and both granted motions to dismiss. *See Doe v. Michigan State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021); *Ebu v. U.S. Citizenship & Immigr. Servs.*, 134 F.4th 895, 898 (6th Cir. 2025). As Eight Mile admits, ECF No. 27, PageID.224 n.4, numerous Sixth Circuit cases recognize that the Supreme Court "abandoned" the "no-set-of-facts" standard. *E.g.*, *Boxill v. O'Grady*, 935 F.3d 510, 517 n.3 (6th Cir. 2019).

3

"nearly identical" to Epidemic's, *see* ECF No. 27, PageID.217-19, repetition doesn't make it so. *Epidemic* involves a different plaintiff with a different business model (paid subscriptions), names only one Meta defendant (not three), and doesn't include a vicarious infringement claim. If anything, Eight Mile's desperate insistence that *Epidemic* governs only highlights the lack of Sixth Circuit support for its position.

Eight Mile's argument that Meta took the "exact opposite position" in *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058 (9th Cir. 2016), fails as well. ECF No. 27, PageID.224-225. In that case, Facebook opposed dismissal of its copyright claims by providing exactly what Eight Mile omits here: the "who, what, when and where of Defendants' illicit acts that give rise to [its] claims." *Facebook v. Power Ventures, Inc.*, No. 08-cv-05780-JF, ECF No. 30 at 1. And Eight Mile gains nothing from quoting portions of Facebook's opposition that responded to a motion for a more definite statement under Rule 12(e)—relief that Meta doesn't seek here.

Eight Mile has had every opportunity to identify specific acts of direct infringement. It has not. Its direct infringement claim should be dismissed.[4]

---

[4] Eight Mile suggests that Meta's arguments "are the sort of things that could easily be addressed by an amendment," but defends its failure to propose any amendments by asserting that Meta "denied" on a meet-and-confer that "any such amendment was possible." ECF No. 27, PageID.232 n.7. The assertion is untrue. Meta never said that amendment was "impossible"; rather, Meta declined to speculate about how to resolve the factual deficiencies in Eight Mile's complaint. If Eight Mile were able to amend its complaint, it should have explained how it could do so.

4

II.     **Eight Mile's Secondary Liability Claims Fail**

A.     **Eight Mile Can't Identify Any Underlying User Infringement**

Meta has shown that each of Eight Mile's secondary liability claims fail at the outset because the complaint doesn't allege a single underlying direct infringement by a third party. ECF No. 22, PageID.171-172. Eight Mile's sole response is to allude, without more, to unknown "Meta users" who they say "use tools provided by Meta" to download music. ECF No. 27, PageID.235. But as Meta has already explained, ECF No. 22, PageID.171-172, Eight Mile can't survive dismissal without saying *something* more in its complaint—such as examples of specific users, posts, dates, or infringed compositions. Yet the complaint offers none—and its opposition suggests that Eight Mile can't do better now. Because Eight Mile still hasn't pointed to *a single* Meta user who actually downloaded, streamed, or synchronized *a single* EMS Composition, its secondary infringement claims necessarily fail. *See Tomelleri v. SunFrog, LLC*, 721 F. Supp. 3d 566, 572, 578 (E.D. Mich. 2024).

B.     **Eight Mile Ignores The Test For Contributory Infringement**

Even if Eight Mile had sufficiently alleged direct user infringement, it hasn't adequately alleged that Meta *knew* about even a single infringing post or story, which alone defeats a contributory infringement claim. The most Eight Mile can muster is to assert—in conclusory fashion and without any factual support—that Meta "was aware that it was providing infringing material" without a license. ECF No. 27, PageID.236. But that's not enough: as the cases we cited show, Eight Mile must

5

allege "more than a generalized knowledge … of the possibility of infringement." ECF No. 22, PageID.174. Eight Mile ignores these cases. Moreover, as explained below (at 6-7), Eight Mile can't allege that Meta had any knowledge at all.

Eight Mile also ignores that, under *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)—controlling Supreme Court precedent—a contributory infringement claim requires ***more*** than knowledge by the defendant of any direct infringement. Instead, *Grokster* requires a plaintiff to allege that the defendant also engaged in affirmative conduct reflecting a "culpable intent" to cause or enable infringement. *Id.* at 934. Merely failing to act isn't enough. *Id.* at 937.

Disregarding *Grokster*, Eight Mile insists that mere "knowledge by the defendant" is sufficient. ECF No. 27, PageID.235 (relying on *NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008)). But the Sixth Circuit's test "must be construed consistently with *Grokster*." ECF No. 22, PageID.172-173 (citing *Concord Music Grp., Inc. v. X Corp.*, 2024 WL 945325, at *7 (M.D. Tenn. Mar. 5, 2024)). Meta also showed that, under three Supreme Court cases, contributory infringement is a species of common law aiding-and-abetting liability, which requires "conscious[] and culpabl[e]" conduct demonstrating "blameworthiness." ECF No. 22, PageID.173. Eight Mile refuses to ***even acknowledge*** these cases.

Even if knowledge alone were enough, Eight Mile hasn't plausibly pleaded such knowledge. Eight Mile doesn't deny that Audiam previously told Meta that

6

"Audiam was authorized to represent EMS," or that Audiam told EMS the same thing. ECF No. 22, PageID.164, 175. And Eight Mile admits that it "did not provide a takedown notice" to Meta. ECF No. 27, PageID.236 n.9. The inference is obvious; the Audiam licenses covered the compositions or (at minimum) reflected the parties' good-faith understanding that they did. As Meta explained—citing cases that Eight Mile ignores—neither constitutes "actual knowledge." ECF No. 22, PageID.176.

Nor has Eight Mile "plausibly alleged Meta's material and intentional contribution to the infringement." ECF No. 27, PageID.236. As Meta has shown, Eight Mile must allege facts that plausibly support an inference that Meta "intentionally induc[ed] or encourage[ed] direct infringement," as required by *Grokster*, 545 U.S. at 930, 936, or "induce[d], cause[d] or materially contribute[d]" to the alleged infringing activity, as the Sixth Circuit has framed the test. ECF No. 22, PageID.176. Yet Eight Mile's opposition does no better than its complaint: it merely points to Meta's alleged hosting of "sound recordings … in its Music Libraries" and its alleged offering of certain "online tools" for creating audiovisual content. ECF No. 27, PageID.236. But *Concord Music*—which Eight Mile ignores—rejected equivalent allegations against Twitter as insufficiently culpable conduct under the "general law of secondary liability." 2024 WL 945325, at *7-8.

    **C.**    **Eight Mile's Inducement "Claim" Is Merely A Subspecies Of Contributory Infringement And Fails In Any Event**

Meta has shown that Eight Mile's inducement "claim" is no claim at all, but

7

rather an alternative theory of contributory liability articulated in *Grokster* where one "actively and knowingly aids and abets another's direct infringement." ECF No. 22, PageID.179-180 (citing *Grokster*, 545 U.S. at 936). Meta also cited several cases—each one ignored by Eight Mile—dismissing claims for "inducement" for failure to state a standalone claim. *Id.* (collecting cases).[5] And contrary to Eight Mile's puzzling argument that Meta has somehow "waiv[ed]" the argument that the inducement "claim" fails to meet pleading standards, Meta expressly argued just that. *Compare* ECF No. 27, PageID.237 *with* ECF No. 22, PageID.159, 172-180.

> ### D.     Eight Mile's Vicarious Infringement Claim Is A Non-Starter

For Eight Mile's vicarious liability claim to survive, it must adequately allege that Meta "profit[ed] from direct infringement while declining to exercise a right to stop or limit it." ECF No. 22, PageID.180 (citing *Grokster*, 545 U.S. at 930). In the Sixth Circuit's formulation, which must be construed in accordance with *Grokster*, there must be plausible allegations that Meta has: (i) "the right and ability to supervise the infringing conduct" and (ii) "an obvious and direct financial interest in the infringement." *Gordon v. Nextel Commc'ns*, 345 F.3d 922, 925 (6th Cir. 2003). These are "independent requirements, and each must be present." *Id.* Neither is.

---

[5] Eight Mile notes that a few courts in this Circuit have treated inducement separately, but that separate treatment didn't matter because those claims were dismissed under the same "inducement test" for contributory infringement under *Grokster* that Meta raises here. ECF No. 27, PageID.237 (citing *Gray-El v. Jennifer Lopez/Nuyorican Prods.*, 2019 WL 8750506, at *14 (E.D. Mich. Dec. 18, 2019), and *Moses v. YouTube, Inc.*, 2013 WL 12095139, at *7 (W.D. Tenn. Sep. 23, 2013)).

As to the "ability to supervise," Eight Mile wrongly compares Meta to Napster—a music-sharing site that actively facilitated copyright infringement and maintained song indices which it could use to locate infringing material—and contends that under a ***Ninth Circuit*** decision, the "right to terminate" users is tantamount to the "right and ability to supervise." ECF No. 27, PageID.238 (citing *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1024 (9th Cir. 2001)). Unlike *Napster*, Eight Mile alleges no facts showing Meta can "locate" or "police" specific infringing posts across its billions of users in the way Napster could. More important, the Ninth Circuit has subsequently limited vicarious liability claims to infringement that a defendant can reasonably identify and remove.[6]  And in the Sixth Circuit, arguments like Eight Mile's "stretch[] the definitions of 'supervise' and 'control' beyond their breaking points" given the lack of allegations that Meta "had the power to oversee" users' countless posts and stories. *Concord Music*, 2024 WL 945325, at *9. While Meta "undoubtedly [has] some power over [its] users—the way that a company that provides a valued service always has power over [users] who rely on it . . . that does not turn [users] into even loose equivalents of agents or subordinates"

---

[6] *E.g.*, *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 746 (9th Cir. 2019); *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1115 (N.D. Cal. 2021) ("Subsequent to *Napster*, courts frequently rejected vicarious infringement for online service providers who lacked the practical ability to stop infringement.").

for purposes of vicarious liability. *Id.*[7]

As to a "direct financial benefit" in the infringement, Eight Mile asserts that the EMS compositions are a "draw" to Meta's customers without ever explaining *how* Meta has profited "in the infringement." *Compare* ECF No. 27, PageID.240 *with Gordon*, 345 F. 3d at 925. As Meta has shown through unchallenged case law, *see* ECF No. 22, PageID.181, it's not enough to make conclusory allegations that Meta has received generalized "advertising, sponsored post[s], and subscription fees" without demonstrating a "causal relationship between the infringing activity and any financial benefit"—*i.e.*, the "essential aspect" of the inquiry. *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004). Because Eight Mile can't offer that causal nexus, it flunks the "direct financial benefit" test.

## CONCLUSION

The Court should dismiss this lawsuit under Rule 12(b)(6).

By: */s/ Matthew D. Ingber*
Matthew D. Ingber

---

[7] Recognizing that *Masck v. Sports Illustrated*, 2013 WL 2626853, *7 (E.D. Mich. June 11, 2013), squarely refutes its vicarious infringement claim, Eight Mile suggests that it "cannot coexist" with *BMI v. Meadowlake, Ltd.*, 754 F.3d 353 (6th Cir. 2014). ECF No. 27, PageID.239-240. That's incorrect. *BMI* doesn't mention, let alone overrule, *Masck*, and for good reason: it concerned a single restaurant owner who allowed unauthorized music performances even though he managed the restaurant and had complete control over the music played there. 754 F.3d at 354-56. A single venue bears no resemblance to either Amazon (in *Masck*) or Meta (here), neither of which has the "practical ability" to review, respectively, millions of pieces of merchandise or billions of daily posts. *Masck*, 2013 WL 2626853, at *7.

10

Dated: November 19, 2025

MAYER BROWN LLP

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
aparasharami@mayerbrown.com
Tel: (202) 263-3000

Matthew D. Ingber
Allison Aviki
Rory K. Schneider
David Yolkut
1221 Avenue of the Americas
New York, New York 10020
mingber@mayerbrown.com
aaviki@mayerbrown.com
rschneider@mayerbrown.com
dyolkut@mayerbrown.com
Tel: (212) 506-2500

Andrew S. Rosenman (P54869)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
arosenman@mayerbrown.com
Tel: (312) 782-0600

*Attorneys for Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.;
Instagram, LLC; and WhatsApp LLC*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2025, I electronically filed the foregoing

paper(s) with the Clerk of the Court using the electronic filing system, which will

provide electronic notice to all counsel of record.

/s/ *Matthew D. Ingber*
Matthew D. Ingber

12