**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EIGHT MILE STYLE, LLC, *et al.*,

                Plaintiffs,              Case No. 2:25-cv-11618

v.                                    Hon. Brandy R. McMillion
                                    United States District Judge

META PLATFORMS, INC., *et al.*,

                Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING**
**IN PART DEFENDANTS' MOTION TO DISMISS (ECF NO. 22)**

This is a copyright infringement action to determine whether a social media company is liable for infringement when it provided access to unlicensed musical works for use in content disseminated on its platform. Plaintiff Eight Mile Style and Martin Affiliated, LLC (collectively, "Plaintiffs" or "Eight Mile") filed this action against Meta Platforms, Inc., formally known as Facebook, Inc., Instagram, LLC, and WhatsApp, LLC (collectively, "Defendants" or "Meta") for willful infringement of 243 musical compositions pursuant to 17 U.S.C. § 501(a). *See generally* ECF No. 1. Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule 12(b)(6), for failure to state a claim upon which relief can be granted. *See* ECF No. 22. The Motion has been fully and adequately briefed. *See* ECF Nos. 27, 31. In lieu of holding a hearing, the Court can rule based on the record before it.

1

*See* E.D. Mich. LR 7.1(f)(2).  For the reasons below, Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**.

I.

Eight Mile is a Michigan corporation that owns, administers, and controls 243 copyrighted musical compositions ("Eight Mile Compositions").  ECF No. 1, PageID.2.  Many of those compositions are songs recorded by renowned artist Marshall Mathers, professionally known as Eminem.  *Id.*  Meta "is one of the best-known technology companies in the world, with billions of daily active users across all of its services." ECF No. 22, PageID.160.  Meta's "services" include three widely known social media sites: Facebook, Instagram, and WhatsApp.  Facebook is a social media service where users create personal or commercial profiles to connect and share content with other users.  Instagram is "a photo and video sharing social media service," while WhatsApp "is primarily a private messaging service" that began offering features for use of music in March of 2025.  *See* ECF No. 22, PageID.160-161 (citing ECF No. 1, PageID.7-8).

Meta's platforms allow users to add music to their content posted on the platform through various features and tools developed by Meta.  *See* ECF No. 22, PageID.160.  Such features and tools include: (1) *Stories*, which are short-form still pictures or video content only available for 24 hours, (2) *Reels*, which are 5-60

2

second videographic content posted on a user's profile, (3) a *direct message music sticker*, which allows users to privately send one another 30 seconds of a portion of music within Meta's library, (4) an "*Original Audio*" tool which allows a user to strip music from one post to use as the users' own "original audio" or import audio of their own and label it as their "original" sound, and (5) *Reel Remix*, where "a user may take a portion of another users' Reel and keep that [Reel's] audio, whether licensed or unlicensed, or replace it with their own and create new audiovisual content[.]"  ECF No. 1, PageID.14-15 (emphasis added).

Eight Mile also alleges Meta created Music libraries which are available on Facebook, Instagram, and WhatsApp, filled with music "compiled, . . . algorithmically [tailored], and recommend[ed] directly to its users through a 'For You' category[y][]"and a "Trending" category.  ECF No. 1, PageID.14.  The music compiled in Meta's library is also searchable by title or the artist, as users also have the ability to download and save those searched songs.  *Id.*  Because of the music libraries, Eight Mile alleges Meta "allows and actively encourages Meta platform users to infringe by downloading, streaming, and synchronizing the Eight Mile Compositions without a license through tools available" across all three Meta sites, including Stories, Instagram and Facebook Reels, Instagram and Facebook Posts, Instagram's Direct Message Music Sticker, "and features within these tools, such as Original Audio" . . . . "and Reels Remix."  *Id.* at PageID.14-15.

In 2020, Meta reached out to a music licensing agency Audiam, to obtain permission for the use of certain songs within its repertoire.  *See* ECF No. 1, PageID.11.  However, that agency was not affiliated with nor did it represent Eight Mile or any of the Eight Mile Compositions at issue in this case.[1]  *Id.*  Eventually, Meta made individual contact with Eight Mile about the use of the Eight Mile Compositions on its platforms.  *Id.*  The parties engaged in discussions on entering a direct license agreement, but to no avail.  This lawsuit followed thereafter, seeking statutory damages under 17 U.S.C. § 504(c) and injunctive relief.  *See generally* ECF No. 1.  Meta has now filed the present Motion, seeking dismissal under Rule 12(b)(6) for failure to state plausible claims of infringement.  *See* ECF No. 22.

## II.

A plaintiff has an obligation to file a complaint that is "plausible on its face." *See City of Cleveland v. Ameriquest Mortg. Sec., Inc., et al.*, 615 F.3d 496, 503 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow []the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The Court must "construe the

---

[1] The Court notes that Meta disputes that Audiam was not associated with Plaintiffs.  According to Meta, "Audiam was authorized to represent Eight Mile in its direct negotiation with Meta." ECF No. 22, PageID.164 (citing ECF No. 22-2, PageID.187).  However, Meta concedes that this fact is immaterial to its request to dismiss this case.

complaint in the light most favorable to the plaintiff," imparting the assumption of truth. *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023).

The assumption is given by "accept[ing] all of the complaint's factual allegations as true and determine[ing] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56). But pleadings that are no more than legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3. Generally, whether a plaintiff has sufficiently pled a plausible claim depends on the factual allegations within the four corners of the plaintiff's complaint. *See Caraway v. Corecivic of Tenn., LLC.*, 98 F.4th 679, 687-88 (6th Cir. 2024).

## III.

The Copyright Act grants copyright owners "exclusive rights to do and to authorize" certain uses of their works. 17 U.S.C. § 106. Those rights include the right "to reproduce[,]" "prepare derivative works[,]" "to distribute copies" to the public, and "to perform" the work publicly "by means of a digital audio transmission." *Id.* at §§ 106 (1),(2), (3), (6). "Copyright protection 'grants an author an exclusive right . . . . to encourage the production of works that others might reproduce more cheaply.'" *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 666 (6th Cir. 2024) (citing *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 16

(2021)).  That exclusive right "can *sometimes* stand in the way of others exercising their own creative powers."  *See Google*, 593 U.S. at 17 (emphasis added).  A violation of any of the rights granted under § 106 makes one "an infringer of the copyright[,]" either directly or secondarily.  *See* 17 U.S.C. §501(a); *Tomelleri v. SunFrog, LLC*, 721 F. Supp. 3d 566, 571-72 (E.D. Mich. 2024) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).  For pleading purposes, a plaintiff alleging copyright infringement need only "raise a reasonable expectation that discovery will reveal evidence of" copying.  *See Nat'l Bus. Dev. Servs., Inc., v. Am. Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 512 (6th Cir. 2012).

Eight Mile maintains "Meta has reproduced, stored, arranged, distributed, performed, and otherwise exploited" its compositions, infringing upon its copyrights reserved in the works.  *See* ECF No. 1, PageID.14.  The Complaint alleges four counts for willful infringement.  Count I alleges a claim for direct infringement.  Counts II, III, and IV, respectfully, allege claims for inducement of copyright infringement, contributory copyright infringement and vicarious copyright infringement.  *See generally* ECF No. 1.  In the present Motion, Meta seeks to dismiss Eight Mile's Complaint in its entirety because it fails to adequately state a claim for relief.  *See* ECF No. 22, PageID.166, 171, 180.  The Court will address each claim in turn.

**A.    DIRECT INFRINGEMENT**

In Count I, Eight Mile alleges a claim for direct copyright infringement because "Meta reproduced and stored unauthorized unlicensed copies of each Eight Mile Composition in its Music Libraries." *See* ECF No. 1, PageID.17. To state a claim of direct infringement, a plaintiff must allege (1) "ownership of a valid copyright" and (2) "that the defendant copied protectable elements of the work." *See Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (citation omitted); *see also Feist Publ'ns, Inc. v, Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The infringement must be "willful," as in "done 'with knowledge that one's conduct constitutes copyright infringement.'" *Zomba Enter., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 584 (6th Cir. 2007) (citation omitted). Meta does not dispute Eight Mile's ownership in the Eight Mile Compositions, rather it argues the second element has not been adequately pled because the Complaint (1) lacks specific allegations of Meta's infringement for all but two of the Eight Mile Compositions, and (2) without the who, what, when, where, how specific allegations, Meta is not able to sufficiently provide a viable defense against the claims of infringement. *See* ECF No. 22, PageID.166-171. The Court is not persuaded.

First, the Complaint states enough to plausibly claim infringing acts by Meta. Specifically, paragraph 44 of the Complaint states "Meta has infringed the Eight

Mile Compositions . . . by . . . . reproducing and storing copies of the Eight Mile Compositions in the music libraries of Facebook, Instagram, and WhatsApp." *See* ECF No. 27, PageID.229 (citing ECF No. 1, PageID.13). That alone is sufficient, at this stage of the litigation, to place Defendants on notice of the alleged infringement – reproduction and storage of its copyrighted work. Even if the Court were to agree with Meta that Eight Mile only identifies two specific examples out of the 243 music compositions, those two examples provide notice to the alleged infringing conduct.

But beyond that, Plaintiff alleges that Meta placed all 243 of the aforementioned works in the respective music libraries of all three of its platforms. *See* ECF No. 1, PageID.2; ECF No. 27, PageID.218. Accepted as true, this fact can plausibly be construed as constituting "reproduction of the copyrighted work" pursuant to 17 U.S.C. § 106(1)[2]. Because the Copyright Act gives owners the exclusive right to reproduce their work, storage of the Eight Mile Compositions, without permission, would create an unauthorized reproduction of copyrighted material. *See Stromback v. New Line Cinema*, 384 F.3d 283, 301 (6th Cir. 2004) (citing *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999) ("Use

---

[2] Some courts have reasoned "[i]f a third party copies a derivative work without authorization, it infringes the original copyright owner's copyright in the underlying work to the extent the unauthorized copy of the derivative work also copies the underlying work." *See Sophia Parker Studios, Inc. v. Temperley*, No. 1:24-cv-02086, 2025 WL 3280329, at *20 (N.D. Ohio Nov. 25, 2025) (citing *Premier Dealer Service, Inc. v. Allegiance Admin., LLC*, No. 2:18-cv-735, 2021 WL 3207912, at * 11 (S.D. Ohio July 29, 2021)). So regardless of whether the users are to blame, the storage of Eight Mile's musical compositions within Meta's platform without permission can constitute infringement.

of a copyrighted work by one who does not own the copyright constitutes infringement under federal law, provided the use falls within the scope of a copyright owner's exclusive rights" which includes reproduction); *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 495 (Fed. Cl. 2019) (Finding copyright infringement where NASA uploaded a copyrighted work to its server, which was then "fixed" in the server and capable of being perceived, reproduced, or otherwise communicated) (citation omitted).

Moreover, the Court is not convinced that Eight Mile has to meet a heightened pleading standard in order to survive a motion to dismiss. Meta cites *National Business Development Services* as support for its assertion that a heightened pleading standard applies in this case. *See* ECF No. 22, PageID.167-169 (citing 299 F. App'x 509, 512 (6th Cir. 2008)). However, as Eight Mile correctly notes, courts within the Sixth Circuit have repeatedly held that *National Business Development Services* "does not stand for a heightened pleading standard in copyright cases." *See Antony v. Buena VISTA Brooks, Inc.*, No. 2:18-cv-00205, 2021 WL 8200714, at *2 (E.D. Ky. Sep. 29, 2021); *accord Tomelleri v. SunFrog, LLC*, No. 1:23-cv-10370, 2023 WL 10676154, at *5 (E.D. Mich. Oct. 30, 2023), *report and recommendation adopted*, 721 F. Supp. 3d 566 (2024). Consequently, Meta's argument that Eight Mile fails to allege the "who, what, when, where, how" is unavailing. *See* ECF No. 22, PageID.168. That level of specificity at the pleading stage is not necessary,

especially if the purpose of it is to plead around every possible defense which Meta could raise in response to the allegations in the Complaint.  ECF No. 27, PageID.232; *see also Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)) ("The burden of proof will not shift to the plaintiff on an affirmative defense absent the defendant first discharging the initial burden.").

Therefore, the motion to dismiss as to Count I for direct infringement is denied.  Count I will proceed in this litigation.

**B.    SECONDARY THEORIES OF INFRINGEMENT**

Counts II, III, and IV each raise claims of secondary infringement—inducement, contributory infringement, and vicarious infringement.  ECF No. 1, PageID.18-22.  Under the Copyright Act, an individual can be held liable for secondary copyright infringement, as an implied cause of action under the Act.  *See Tomelleri*, 721 F. Supp. 3d at 571-72; *see also Eight Mile Style, LLC v. Spotify USA Inc.*, 535 F. Supp. 3d 738, 745 (E.D. Mich. 2021) (citing *Grokster*, 545 U.S. at 930-31).  The Supreme Court has recognized two categories of secondary liability: "contributory liability" and "vicarious liability."  *See Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. __, 146 S. Ct. 959, 964 (2026).  Each category originates from its kinship with patent and common law principles.  *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763 (2011) (citing *Grokster*, 545 U.S. at 937).  The

Court will address each in turn.

### 1. Inducement and Contributory Infringement (Counts II & III)

Eight Mile alleges two distinct counts for inducement of copyright infringement and contributory copyright infringement. *See* ECF No. 1, PageID.18-PageID.21. Meta argues that neither claim has been sufficiently pled, as there are no allegations that Meta knew about any alleged user infringement or intentionally induced or encouraged any user action. ECF No. 22, PageID.174-175. Meta further asserts that inducement is not an independent cause of action and is only attributable to contributory infringement; but in any event, inducement would require allegations of conscious and culpable conduct which Eight Mile does not allege in the Complaint. *See* ECF No. 22, PageID.171-180.

First, the Court agrees with Meta that there is no separate stand-alone cause of action for inducement of infringement. *See* ECF No. 22, PageID.179-180. Rather, the Court interprets *Cox* to read that the Supreme Court recognizes only two theories of secondary copyright infringement liability – contributory and vicarious. *See Cox*, 146 S. Ct. at 967-68. The *Grokster* court has established that the "rule of inducement" serves as one of two independent means of establishing the intent required for contributory liability. *Grokster*, 545 U.S. at 936-37. The cases that Eight Mile relies on simply proves that the plaintiff alleged inducement in their

complaints, not that the Court formally established it as a cause of action.[3]  Because this Court finds that inducement is not a standalone cause of action, Defendant's motion to dismiss the inducement claim (Count II) is granted.[4]

That notwithstanding, it is well established that "[o]ne infringes contributorily by intentionally *inducing* or encouraging direct infringement[.]" *Grokster*, 545 U.S. at 930 (citing *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971) (emphasis added); *Shapiro, Berstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963)).  "[O]ne who, *with knowledge* of the infringing activity, *induces*, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory copyright infringer."  *See Excell Homes, Inc. v. Locricchio*, 7 F. Supp. 3d 706, 711 (E.D. Mich. 2014) (citing *Gershwin*, 443 F.2d at 1162) (emphasis added).  To sufficiently state a claim for contributory infringement, one must plead more than mere knowledge but must also allege an affirmative intentional action taken.  *See id.*  In the context of a service provider, it can be held contributorily liable for a user's infringement if it intends its

---

[3] *See* ECF No. 27, PageID.237 (citing *Gray-El v. Jennifer Lopez/Nuyorican Prods.*, No. 19-CV-10952, 2019 U.S. Dist. LEXIS 230908, at *41-42 (E.D. Mich. Dec. 18, 2019) (citations omitted) *report and recommendation adopted sub nom. Gray-El v. Lopez*, No. 19-CV-10952, 2020 WL 1060642 (E.D. Mich. Mar. 5, 2020); *see also Moses v. YouTube, Inc.*, No. 2:12-cv-02822, 2013 WL 12095139, at *7 (W.D. Tenn. Sept. 23, 2013) and *Best v. AT&T Inc.*, No. 1:12- cv-00564, 2014 WL 4639139, at *3 (S.D. Ohio Sept. 16, 2014).

[4] Even if the Court were to recognize inducement as a separate cause of action, it would require the same analysis as contributory liability and therefore, for the reasons stated herein, it too would be subject to dismissal.

service to be used "to commit copyright infringement" or if it provides "a service tailored to infringement." *Cox*, 146 S. Ct. at 968.

Meta again argues that Eight Mile's claims should fail "because it has not plausibly alleged an underlying direct infringement by Meta's users[.]" *See* ECF No. 22, PageID.171. Distinct from the claim of direct infringement, the Court finds this argument persuasive because the Complaint is void of any of the direct acts of any platform user. Instead, Eight Mile in a conclusory fashion alleges direct infringement by stating the users "use tools provided by Meta, that Meta knows, or should know, contribute to exponential infringement, including Reels Remix, Original Audio, and Instagram's Direct Message Music Sticker, and the users download from Meta's Music Libraries, stream, and synchronize the Eight Mile Compositions, provided by Meta without a license." ECF No. 27, PageID.235-236 (citing ECF No. 1, PageID.14). The problem with the facts as alleged, however, is that Eight Mile fails to plead sufficient facts about any of these users with respect to the Eight Mile Compositions.

Even construing these facts in Eight Mile's favor, the Court finds them insufficient to plausibly support an inference that Defendant actively encouraged or otherwise (affirmatively) induced user copyright infringement. *See Cox*, 146 S. Ct. at 964 (citing *Grokster*, 545 U.S. at 942) ("A provider induces infringement if it actively encourages infringement through specific acts."). Unlike the infringer in

*Cox*, Eight Mile has not alleged that Meta promoted or marketed their platforms as a tool to infringe copyrights. *Id.* at 967. Nor has Eight Mile alleged that the "principal object" of Meta's business model "was use of their software to download copyrighted works." *Id.* Instead, Plaintiff appears to assert that the availability of the tools are themselves an encouragement for users to infringe. And while Meta may encourage its users to use the platforms' tools, the Court is unwilling to equate an encouragement to use the tools with an encouragement to infringe, especially when the tools can be used in a non-infringing way.

Eight Mile alleges that Meta's newly introduced tools (Original Audio and Reels Remix) have allowed users to "steal Eight Mile Style's music from another user's posted audiovisual content and then use it in their own subsequent videos without proper attribution or license[.]" ECF No. 27, PageID.236 (citing ECF No. 1, PageID.2). But even then, Eight Mile has not plausibly alleged that the tools are incapable of substantial or commercially significant non-infringing uses. Merely providing a service that has infringing and non-infringing uses, as Meta does, does not automatically constitute infringement. *See Sony Corp. of Am. v. Univ. City Studios, Inc.*, 464 U.S. 417, 440-41 (1984). Absent any facts suggesting that Meta encouraged its users to use the tools for the *purpose* of infringement, a theory of contributory inducement cannot stand.

Moreover, the Supreme Court "has repeatedly made clear that mere

14

knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe." *Cox*, 146 S. Ct. at 968.  The Court explained that "there is no precedent in the law of copyright" based solely on the fact that the defendant has offered equipment "with constructive knowledge of the fact that its customers may use that equipment to make unauthorized copies of copyrighted material." *Id*. "And, in *Grokster*, the Court confirmed that a court would be unable to find contributory infringement liability merely based on a failure to take affirmative steps to prevent infringement." *Id.* (internal citations omitted).

Because Plaintiff has not plausibly alleged facts sufficient to support either theory (affirmative inducement or a service tailored to infringement), dismissal of the contributory infringement claim (Count III) is warranted.

### 2.    Vicarious Liability

Finally, under Count IV, Eight Mile alleges a claim for vicarious copyright infringement.  *See* ECF No. 1, PageID.21-22.  Meta moves for dismissal because "the Complaint has not plausibly alleged that Meta profited from, or had a direct financial interest in, any direct infringement." ECF No. 22, PageID.182.  Eight Mile, on the other hand, argues that the right and ability to supervise the infringing activity across its various platforms, as alleged, is enough to hold Meta vicariously liable. ECF No. 27, PageID.238.  Eight Mile further asserts that the direct financial benefit is satisfied when "the availability of infringing material acts as a draw for

15

customers." *Id.* at PageID.240 (citing *Cook v. Meta Platforms Inc.*, No 4:22-cv-02485, 2023 WL 6370891, at *6 (N.D. Cal. Jan. 4, 2023)).  The Court disagrees.

For a plausible claim of vicarious copyright infringement, the copyright owner must allege the defendant (1) has the right and ability to supervise the infringing conduct of another; and (2) has an obvious and direct financial interest in the infringement. *See Gordon v. Nextel Commc'ns & Mullen Advert.,Inc.*, 345 F.3d 922, 925 (6th Cir. 2003).  The Court agrees that Eight Mile has sufficiently alleged the "right to supervise" element, as it states Meta has the power "to stop or limit" the infringement.  *See* ECF No. 22, PageID.175; *accord Broad. Music, Inc. v. Meadowlake, Ltd.*, 754 F.3d 353, 354 (6th Cir. 2014) (quotation omitted).  The Court finds persuasive Eight Mile's position that "[w]hat matters is whether [a litigant] had 'the *right* and *ability*' to supervise the infringement, not whether [it] in fact supervised it."  *See* ECF No. 27, PageID.240 (citing *Broad. Music*, 754 F.3d at 355) (emphasis in the original).  So, the Complaint, as alleged, meets the first element of vicarious liability.

However, the Court finds that the vicarious copyright infringement claim is subject to dismissal because the allegation of "a direct financial benefit" is conclusory.  Eight Mile alleges that "the availability of the Eight Mile Compositions was/is a 'draw' for customers, and is directly related to the financial benefits Meta obtained/obtains" in the form of "advertising, sponsored posts, and subscription

16

fees." ECF No. 27, PageID.240-241 (citing ECF No. 1, PageID.22). However, as alleged, it is not more plausible (as opposed to simply possible) that Meta had any direct financial benefit from storing the Eight Mile Compositions within its library. *See Iqbal*, 556 U.S. at 679. "[A]dvertising, sponsored post, and subscription fees" could come from multiple different sources and Eight Mile has not pled anything to directly correlate the Eight Mile Compositions with any direct financial benefit to Meta. *See Ellison v. Roberson*, 357 F.3d 1072, 1079 (9th Cir. 2004). Without that causal connection, the Court finds these direct financial benefit allegations conclusory, at best. Without more, this claim is insufficient to proceed at a Rule 12(b)(6) stage. Therefore, Count IV is dismissed.

## IV.

Accordingly, Meta's Motion to Dismiss (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**. Counts II, III, and IV are **DISMISSED**. The only remaining claim to proceed in this litigation is Eight Mile's claim for direct copyright infringement (Count I).

**IT IS HEREBY ORDERED** that Meta file an Answer to Count I of the Complaint (ECF No. 1) on or before **July 7, 2026**.

**IT IS SO ORDERED.**

Dated: June 16, 2026                s/Brandy R. McMillion
      Detroit, Michigan            Hon. Brandy R. McMillion
                                    United States District Judge